## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Mauricio Antonio Alvarenga,** ) | **Case File No.** _____ |
| ) | |
| **Gladys Fuentes,** ) | |
|     **Petitioners,** ) | |
|     v. ) | **Immigration File No.: A78 634 062** |
| ) | |
| **Denis Riordan,** ) | |
| **District Director, United States** ) | |
|    **Citizenship and Immigration Service** ) | |
| ) | |
| **Eduardo Aguirre, Jr.,** ) | |
| **Director, United States Citizenship and** ) | |
|   **Immigration Service** ) | |
| ) | |
| **Michael Chertoff,** ) | |
| **Secretary, Department of Homeland** ) | |
|   **Security** ) | |
| ) | |
|     **Respondents.** ) | |
| ) | |

05   11390 JLT

MAGISTRATE JUDGE

RECEIPT # _____
AMOUNT $ 250 _____
SUMMONS ISSUED Yes _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 6/30/05 _____

### PETITION FOR WRIT OF MANDAMUS

Mr. Maurico Antonio Alvarenga hereby petitions for a writ of mandamus to the United States

District Court, District of Massachusetts from the United States Citizenship and Immigration

Service's ("USCIS") failure to adjudicate the I-130 petition filed on his behalf.

### I.    Statement of Jurisdiction

This Court has jurisdiction under the Administrative Procedures Act, 5 U.S.C. § 551 et

seq. and the Mandamus Act, 28 U.S.C. § 1361.

### II.    Question Presented

Whether the USCIS should be ordered to adjudicate the I-130 petition where it has been

pending for over seven months and it is a crucial step in determining the Petitioner's deportation

status.

### III.    Relief Sought

The Petitioner respectfully requests that the Court order the USCIS to adjudicate the pending I-130 filed on his behalf.

### IV.    Summary of Argument

The court should grant the mandamus action because the Petitioners show that USCIS has a clear duty to adjudicate I-130 petitions in a timely manner. The failure of the USCIS to adjudicate the petition within seven months is a breach of that duty where the Petitioner is prima facie available for the visa and the USCIS states that similar petitions will be adjudicated within six months. Further, irreparable harm will occur to the Petitioners if the mandamus is not granted in the forms of removal from the United States, denial of reentry for ten years, emotional distress, and financial hardship.

### V.    Statement of Facts

Petitioner, Mauricio Antonio Alvarenga, married Gloria Fuentes on August 16, 2003. (Ex. 1.) Mrs. Fuentes is a United States citizen by birth. Their only child, Armani, was born in the United States on March 31, 2001. To support his family, Mr. Alvarenga worked as a shuttle bus driver for Mt. Auburn Hospital in Cambridge, Massachusetts. Mr. Alvarenga pled guilty to a count of assault and battery with a dangerous weapon on March 15, 2004. (Ex. 2.) Subsequently, the Department of Homeland Security took him into custody.

On July 15, 2004, the USCIS released a public notice stating that they will adjudicate I-130 petitions "...within six months if a visa is immediately available upon filing." (Public Notice at 1.) On September 22, 2004, Counsel informed the Court that an I-130 was being prepared on the Petitioner's behalf and that it was the Petitioner's intent to apply for an

adjustment of status, pursuant to INA § 245(a) along with a waiver pursuant to INA § 212(h).[1]
The USCIS publishes the Receipt Notice dates that they are currently processing on their
website. (USCIS Processing Dates at 1.) According to the website, it appeared that the wait time
for I-130 petition adjudication was approximately three months. Further, since the I-130 petition
is based on Mr. Alvarenga's marriage to a U.S. citizen, a visa would be immediately available if
the petition is approved. The Court then continued the matter until November.

The Petitioner's wife filed an I-130 petition on his behalf, which the USCIS received on
November 8, 2004. (Ex. 3.) The I-130 petition is prima facie approvable because Mr. Alvarenga
married Mrs. Fuentes before deportation proceedings began, he has a son as a result of that
marriage, and at no point during their marriage were the Petitioners legally separated.

By November 11, 2004, the USCIS had not adjudicated the Petitioner's application. In
order to permit the USCIS additional time to adjudicate the pending I-130, the Petitioner
requested a continuance. The Petitioner stated that the sole reason for the continuance was due
to the USCIS's failure to adjudicate the I-130 petition. The Court denied the Petitioner's request.
(I.J. at 2.) As the I-130 was not yet adjudicated, the Petitioner was ineligible to apply for
Adjustment of Status under INA § 245(a) with a waiver under INA § 212(h). The Immigration
Judge then ordered him removed from the United States. (*Id.*)

Petitioner then filed an administrative appeal to the Board of Immigration Appeals ("the
Board"). On May 23, 2005, the Board found that the Petitioner was removable and had not
established that he merits relief from removal. (B.I.A. at 1.) The Board affirmed the underlying
Immigration Judge's decision and dismissed the appeal. *Id.* As of June 30, 2005, over seven
months after filing the I-130, the USCIS has still not adjudicated the petition.

---

[1] Mr. Alvarenga was, at the time the I-130 petition was filed, lawfully present in the United States. As such, he
qualified for Adjustment of Status under INA § 245(a).

3

Mr. Alvarenga's order of removal is administratively final, and therefore, he is subject to being physically removed from the United States. Petitioner's counsel wrote a letter to the USCIS to request an update of the status of the petition and has received no response. (Counsel letter, Feb. 24, 2005) To date, the Petitioner has not received notice of the status of his I-130 petition except for a Notice of Action indicating that it had been transferred to the Boston Office to "speed processing." (Ex. 4.)

**VI.    Argument**

**THE COURT SHOULD ORDER A WRIT OF MANDAMUS TO COMPEL THE USCIS TO DECIDE THE PETITIONER'S PENDING I-130 APPLICATION BECAUSE THEY HAVE A DUTY TO ADJUDICATE THE PETITION IN A TIMELY MANNER AND, TO DATE, HAVE NOT DONE SO.**

**A. General principles and standard of review**

The court has the authority to issue a writ of mandamus to compel an administrative agency to act according to the duty ascribed to it by statute. In an action of mandamus, district courts have the original jurisdiction to compel an officer of the United States or any of its agencies to perform a duty owed to the petitioner. 28 U.S.C. § 1361. Specifically in immigration cases, a district court may use its mandamus jurisdiction to compel the agency to adjudicate applications where they have a clear duty to do so. *Iddir v. INS*, 301 F.3d 492, 499 (7th Cir. 2002) (ruling that mandamus jurisdiction is proper where the INS refuses to adjudicate an application despite having a clear duty to do so). Mandamus actions are used only to compel ministerial non-discretionary duties of administrative officers. *Panama Canal Co. v. Grace Line Co., Inc.,* 356 U.S. 309, 318 (1958). While discretionary decisions by the agency are not reviewable under 28 U.S.C. § 1361, the decision as to whether to adjudicate a visa application is not discretionary. 5 U.S.C. § 555(b).

Generally, a party seeking mandamus must show "(a) some special risk of irreparable harm, and (b) clear entitlement to the relief requested." *In re Recticel Foam Corp.*, 859 F.2d 1000, 1005 (1st Cir. 1988).

## B. Mandamus action is necessary and a proper remedy in this case

### 1. USCIS owes a clear duty to the Petitioners to adjudicate the petition in a reasonable time

The Petitioners are entitled to receive an adjudication of the I-130 petition. In order for mandamus jurisdiction to apply, the petitioners must show that they are owed a duty by the respondents. *Davis Associates, Inc. v. Secretary, Dept. of Housing and Urban Development*, 498 F.2d 385, 388 (1st Cir. 1974). While the decision to grant or deny the petition is wholly discretionary, 8. U.S.C. § 1255(a), actually adjudicating the petition is not. *Bartolini v. Ashcroft*, 226 F. Supp. 2d 350, 353 n.3 (D. Conn. 2002). The duty to adjudicate I-130 petitions is spelled out in the Administrative Procedures Act, 5 U.S.C. § 555(b): "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." To determine what a "reasonable time" is, courts look at what caused the delay and the extent that the agency participated in creating the delay. *Bartolini*, 266 F. Supp. 2d at 354 (quoting *Zheng v. Reno*, 166 F. Supp. 2d 875, 880 (S.D.N.Y. 2001).); *But see Asare v. Ferro*, 999 F. Supp. 657, 659 (D. Md. 1998) (mandamus does not lie when the petitioner did not demonstrate that INS had a duty to adjudicate a petition on or before a certain date).

In the present case, though the USCIS does not have a statutorily defined timeline to which they must adhere, it regularly publishes a list of the cases that it is processing by the date of the receipt notice on its website. U.S. Citizenship and Immigration Services, *U.S. Citizenship and Immigration Services Vermont Service Center Processing Dates Posted June 09, 2005, at*

5

https://egov.immigration.gov/cris/jsps/Processtimes.jsp?SeviceCenter=Vermont. The website warns that, "due to the high workload, most of the time your case is pending we will be processing cases that were filed earlier than yours. This chart tells you which cases the Service Center is processing..." *Id.* As of June 9, 2005, the Vermont Service Center, where the petition was initially sent, was processing I-130 petitions for alien relatives with a receipt notice date of April 2, 2005, more than five months after the Petitioner received their notice. It is unreasonable that these applications are being adjudicated before Mrs. Fuentes' petition given that the I-130 is prima facie approvable[2] and all of the necessary documentation was submitted.

Additionally, the petition was moved to the Boston District Office to "speed processing" (Ex. 4). According to the Public Notice to customers with a pending I-130 Petition dated July 15, 2004, the USCIS promises to "...adjudicate your Form I-130 petition ...within six months if a visa is immediately available upon filing." (Public Notice at 1.) Therefore, it would be fair to assume that "speeding" the processing would mean that the petition would be adjudicated far within the six months the Agency promises in the Public Notice. Yet, seven months later the petition has not been adjudicated. Therefore, the USCIS owes a clear duty to the Petitioners to adjudicate the petition within a reasonable time of six months or less and has failed to do so.

*2. A mandamus would prevent irreparable harm to Mr. Alvarenga and Mrs. Fuentes.*

Granting the mandamus would prevent irreparable harm to Mr. Alvarenga. Without the mandamus, the USCIS could delay processing the request until Mr. Alvarenga is removed from the United States and leave him with no other avenues of relief. Once he is removed, he will be required to wait up to ten years before reentering. INA § 212(a)(9)(A)(i). He will be forced to

---

[2] An immigrant visa may be granted to "an immediate relative as such upon satisfactory proof, under regulations prescribed under this Act, that the applicant is entitled to ... immediate relative status." INA § 224, 8 U.S.C. § 1204. Only marriages entered into after exclusion or deportation proceedings have begun are presumed fraudulent and the presumption can only be overcome by "clear and convincing" evidence. *Matter of Arthur*, 20 I. & N. Dec. 475, 479 (B.I.A. 1992); 8 U.S.C. § 1255(e)

6

leave behind his U.S. citizen wife and only child despite the fact that he is prima facie eligible for the visa.

Not only will the cost to Mr. Alvarenga and his family will be emotional, it will also be financial. They will be faced with the emotional toll of spending ten years apart, even though he would otherwise be eligible to be a permanent resident. Further, removal is well known as having harsh consequences including loss of family, friends, and livelihood forever plus banishment to a country that would surely result in poverty and possibly prosecution. *Bridges v. Wixon*, 326 U.S. 135, 164 (1945); *Padilla-Agustin v. INS*, 21 F.3d 970, 978 (9th Cir. 1994). The harm would be exacerbated by the fact that Mr. Alvarenga already has a paying job secured for him once he is released from custody. (Ex. 5) His potential ten-year absence would deny his wife of the emotional and financial support of a husband and leave a son without access to his father. The negative impact on society due to a father's absence from the home is well documented. See Tiffany J. Jones, *Neglected by the System: A Call for Equal Treatment for Incarcerated Fathers and Their Children—Will Father Absenteeism Perpetuate the Cycle of Criminality?*, 39 Cal. W. L. Rev. 87 (2002); Solangel Maldonado, *Beyond Economic Fatherhood: Encouraging Divorced Fathers to Parent*, 153 U. Pa. L. Rev. 921 (2005). Thus, denying the mandamus would cause irreparable harm.

## VII. Conclusion

For the reasons set forth in this petition, the Petitioners respectfully request that this Court order the USCIS to adjudicate the aforementioned I-130 petition.

Dated: June 30, 2005

Respectfully submitted,

Eduardo Masferrer
Masferrer & Hurowitz, PC
6 Beacon Street, Suit 720
Boston, Massachusetts 02108
(617) 531-0135

Attorney for Petitioner

# Exhibit 1

REGISTRY DIVISION - COUNTY OF SUFFOLK

COUNTY OF SUFFOLK, COMMONWEALTH OF MASSACHUSETTS, UNITED STATES OF AMERICA

Certificate R № 6253

*I, the undersigned, hereby certify that I hold the office of ..............................*
*City Registrar of the City of Boston and I certify the following facts appear on the*
*records of Births, Marriages and Deaths kept in said City as required by law.*

---

## The Commonwealth of Massachusetts
### DEPARTMENT OF PUBLIC HEALTH
### REGISTRY OF VITAL RECORDS AND STATISTICS
### CERTIFICATE OF MARRIAGE

BOSTON

Registered No. 2038

| 1 Place of Marriage | | 2 Date of Marriage | Aug 16 2003 | | Intention No. 2125 |
|---|---|---|---|---|---|
| City or Town BOSTON | | (Month) (Day) (Year) | | | |

| 3 FULL NAME GROOM | 12 FULL NAME BRIDE |
|---|---|
| MAURICIO ANTONIO FUENTES | GLADYS MARIA FELICIANO |
| 3A SURNAME AFTER MARRIAGE FUENTES | 12A SURNAME AFTER MARRIAGE FUENTES |
| 4 DATE OF BIRTH AUG 26 1982 · 5 OCCUPATION CASHIER | 13 DATE OF BIRTH AUG. 4 1983 · 14 OCCUPATION BIRTH REGISTRAR |
| 6 RESIDENCE NO. & ST. 72 ELM ST # 3 | 15 RESIDENCE NO. & ST. 962 PARKER ST # 285 |
| CITY/TOWN CAMBRIDGE ST. MA ZIP CODE 02141 | CITY/TOWN BOSTON ST. MA ZIP CODE 02141 |
| 7 NUMBER OF MARRIAGE 1ST (1st, 2nd, 3rd, etc.) · 8 WIDOWED OR DIVORCED — | 16 NUMBER OF MARRIAGE 1ST (1st, 2nd, 3rd, etc.) · 17 WIDOWED OR DIVORCED — |
| 9 BIRTHPLACE SAN SALVADOR EL SALVADOR (City or town) (State or country) | 18 BIRTHPLACE BOSTON MA (City or town) (State or country) |
| 10 MAIDEN NAME OF MOTHER ANA PATRICIA DERAS | 19 MAIDEN NAME OF MOTHER BRUNILDA RAMOS |
| 11 NAME OF FATHER MORRIS ALVARENGA | 20 NAME OF FATHER HECTOR LUIS FELICIANO |

21 THE INTENTION OF MARRIAGE of the above-mentioned persons was duly entered by me in the records of the Community of BOSTON according to law this 24TH day of JULY 03

☐ COURT WAIVER Issued JUL 28 2003
☐ AGE ORDER (Month) (Day) (Year)     *Judith A. McCarthy*     City or Town Clerk or Registrar

22 I HEREBY CERTIFY that I solemnized the marriage of the above-named persons at 280 South (If marriage was solemnized in a church, give by NAME instead of street and number) Boston (Name of city or town)   August 16 2003 (Month) (Day) (Year)

Signature *M. Graney*     Justice of the Peace (Member of the Clergy, Priest, Rabbi, Imam, or Justice of the Peace, etc.)

(Print or type above) Mary M. (Mimi) Graney
Address 41 Morland St. Somerville, MA 02145

23 Certificate recorded by city or town clerk AUG 20 2003 (Month) (Day) (Year)   *Judith A. McCarthy*   CLERK OR REGISTRAR



---

I further hereby certify that by annexation, the Records of the following-named cities and towns are in the custody of the City Registrar of Boston:—

| | Annexed |
|---|---|
| East Boston | 1637 |
| South Boston | 1804 |
| Roxbury | 1868 |
| Dorchester | 1870 |
| Charlestown | |
| Brighton | 1874 |
| West Roxbury | |
| Hyde Park | 1912 |

X1401

WITNESS my hand and the SEAL of the CITY REGISTRAR

SEP 1 0 2003

on this .......... Day of .............. A.D.

*Judith A. McCarthy* ............... City Registrar

By Chapter 314 of the Acts of 1892, "the certificates or attestations of the Assistant City Registrars shall have the same force and effect as that of the City Registrar."

# Exhibit 2

# CRIMINAL DOCKET   030  R003888   District Court Department

| DEFENDANT NAME AND ADDRESS | DOB | GENDER | COURT NAME AND ADDRESS |
|---|---|---|---|
| MAURICIO A FUENTES<br>116 SPRING ST<br>W ROXBURY, MA 02132<br><br>0306R0809 | 08/26/1982 | MALE | WEST ROXBURY DISTRICT COURT<br>445 ARBORWAY<br>JAMAICA PLAIN, MA 02130-3688<br>(617)971-1200 |
| | **DATE COMPLAINT ISSUED**<br>12/22/2003 | | |
| | **PRECOMPLAINT ARREST DATE**<br>12/21/2003 | | **INTERPRETER REQUIRED** |

**FIRST FIVE OFFENSE COUNTS**

| COUNT | CODE | OFFENSE DESCRIPTION | OFFENSE DATE |
|---|---|---|---|
| 1 | 265/15A/A | A&B WITH DANGEROUS WEAPON c265 §15A(b) | 12/21/2003 |

DEFENSE ATTORNEY   7/23/14  McLean · 2/26/04 atty Mullen appt
Perry

OFFENSE CITY/TOWN
ROSLINDALE

POLICE DEPARTMENT
BOSTON P.D. -AREA E-

| DATE & JUDGE | DOCKET ENTRY | DATE & JUDGE | FEES IMPOSED |
|---|---|---|---|
| Rufo<br>12-22-03 | ☑ Attorney appointed (SJC R. 3:10)<br>☐ Atty denied & Deft. Advised per 211 D §2A<br>☐ Waiver of Counsel found after colloquy | Rufo<br>12-22-03 | Legal Counsel Fee (211D § 2¶2)<br>$ 150.00 ☐ WAIV |
| | | | Legal Counsel Contribution (211D § 2)<br>$ ☐ WAIV |
| Rufo<br>12-22-03 | Terms of release set: ☐ PR ☑ Bail 500.00<br>☐ See Docket for special conditions<br>☐ Held (276 §58A) | | Default Warrant Assessment Fee (276 § 30 ¶2)<br>$ ☐ WAIV |
| | | | Default Warrant Removal Fee (276 § 30 ¶1)<br>$ ☐ WAIV |
| Rufo<br>12-22-03 | Arraigned and advised: ☑ Potential of bail revocation (276 §58)<br>☑ Right to bail to review (276 §58)<br>☐ Right to drug exam (111E § 10) | 1/4/04 Rufo | Probation Supervision Fee (276 § 37A)<br>$ 65 /mo ☐ WAIV |
| | | | Bail Order Forfeited |
| | Advised of right to jury trial ☐ Waiver of jury found after colloquy<br>☐ Does not waive | | |
| | Advised of trial rights as pro se (Dist. Ct. Supp.R.4) | | |
| | Advised of right of appeal to Appeals Ct. (M.R. Crim P.R. 28) | | |

**SCHEDULING HISTORY**

| NO. | SCHEDULED DATE | EVENT | RESULT | | JUDGE | TAPE START/STO |
|---|---|---|---|---|---|---|
| 1 | 12/22/2003 | ARR | ☐ Held ☐ Cont'd | Matt & Mac wned   TS | | |
| 2 | 1-9-04 | PTH | ☐ Held ☐ Cont'd | | | |
| 3 | 7-8-05 | ... | ☐ Held ☐ Cont'd | | | |
| 4 | 2-26-04 | ... | ☐ Held ☐ Cont'd | | | |
| 5 | 3.15.04 | ... | ☐ Held ☐ Cont'd | | | |
| 6 | | | ☐ Held ☐ Cont'd | | | |
| 7 | | | ☐ Held ☐ Cont'd | | | |
| 8 | | | ☐ Held ☐ Cont'd | | | |
| 9 | | | ☐ Held ☐ Cont'd | | | |
| 10 | | | ☐ Held ☐ Cont'd | | | |

**APPROVED ABBREVIATIONS**
ARR = Arraignment   PT = Pretrial hearing   CE = Discovery compliance & jury selection   T = Bench trial   JT = Jury trial   PC = Probable cause hearing   M = Motion hearing   SR= Status review
SRP = Status review of payments   FA = First appearance in jury session   S = Sentencing   CW = Continuance-without-finding scheduled to terminate   P = Probation scheduled to terminate
DFTA = Defendant failed to appear & was defaulted   WAR = Warrant Issued   WARD = Default warrant issued   WR = Warrant or default warrant recalled   PV = probation violation hearing

| A TRUE COPY ATTEST: | CLERK-MAGISTRATE / ASST CLERK<br>X | TOTAL NO. OF PAGES | ON (DATE) |
|---|---|---|---|

# Exhibit 3

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER EAC-05-027-54154 | | CASE TYPE I130 IMMIGRANT PETITION FOR RELATIVE, FIANCE(E), OR ORPHAN | |
|---|---|---|---|
| **RECEIVED DATE** November 8, 2004 | **PRIORITY DATE** | **PETITIONER** FUENTES, GLADYS L. | |
| **NOTICE DATE** November 8, 2004 | **PAGE** 1 of 1 | **BENEFICIARY** A78 634 062 ALVARENGA, MAURICIO A. | |

| EDUARDO MASFERRER 6 BEACON STREET SUITE 720 BOSTON MA 02108 | Notice Type: Receipt Notice  Amount received: $ 185.00  Section: Husband or wife of U.S. Citizen, 201(b) INA |
|---|---|

**Receipt notice** - If any of the above information is incorrect, call customer service immediately.

**Processing time** - Processing times vary by kind of case.
- You can check our current processing time for this kind of case on our website at **uscis.gov**.
- On our website you can also sign up to get free e-mail updates as we complete key processing steps on this case.
- Most of the time your case is pending the processing status will not change because we will be working on others filed earlier.
- We will notify you by mail when we make a decision on this case, or if we need something from you.
- If you move while this case is pending, call customer service when you move.
- Processing times can change. If you don't get a decision or update from us within our current processing time, check our website or call for an update.

If you have questions, check our website or call customer service. Please save this notice, and have it with you if you contact us about this case.

**Notice to all customers with a pending I-130 petition** - USCIS is now processing Form I-130, Petition for Alien Relative, as a visa number becomes available. Filing and approval of an I-130 relative petition is only the first step in helping a relative immigrate to the United States. Eligible family members must wait until there is a visa number available before they can apply for an immigrant visa or adjustment of status to a lawful permanent resident. This process will allow USCIS to concentrate resources first on cases where visas are actually available. This process should not delay the ability of one's relative to apply for an immigrant visa or adjustment of status. Refer to **www.state.gov/travel** <http://www.state.gov/travel> to determine current visa availability dates. For more information, please visit our website at www.uscis.gov or contact us at 1-800-375-5283.

Always remember to call customer service if you move while your case is pending. If you have a pending I-130 relative petition, also call customer service if you should decide to withdraw your petition or if you become a U.S. citizen.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (800) 375-5283



Form I-797C (Rev. 08/31/04) N

# Exhibit 4

U.S. Citizenship and Immigration Services

I-797C, Notice of Action

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | | CASE TYPE | I130    IMMIGRANT PETITION FOR RELATIVE, |
|---|---|---|---|
| EAC-05-027-54154 | | | FIANCE(E), OR ORPHAN |

| RECEIPT DATE | PRIORITY DATE | PETITIONER |
|---|---|---|
| November 8, 2004 | | FUENTES, GLADYS L. |

| NOTICE DATE | PAGE |
|---|---|
| November 30, 2004 | 1 of 1 |

EDUARDO MASFERRER
6 BEACON STREET
SUITE 720
BOSTON MA 02108

**Notice Type:** Transfer Notice

This is to advise you that in order to speed processing we have transferred the above case to the following INS office for processing:

Room E125, John F. Kennedy Federal Bldg., Boston MA 02203

Telephone: (617) 565-3879

That office will notify you of the decision made on the application or petition. Any further inquiries should be made to that office.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (800) 375-5283



# Exhibit 5

Kojak's Reconditioning
371 Washington Street
Newton, MA 01165
(508) 584-5293

3/30/04

Re: Mauricio Fuentes

To Whom It May Concern:

I am the owner of Kojak's Reconditioning. This letter is to inform you that Mauricio
Fuentes, 20 Otis Street #2, Somerville MA 02145, has a job available to him in my place
of employment cleaning autos. If you have any questions, please feel free to call me at
(508) 584-5293 or (508) 243-2599. Thank you.

Sincerely,

3/30/04

Edward Jaynes     Ligia T. Kelly

**LIGIA T. KELLY**
**NOTARY PUBLIC**
**MY COMMISSION EXPIRES**
**OCTOBER 8, 2004**

# Appendix

1. Decision of the Board of Immigration Appeals

2. Decision of the Immigration Judge

3. U.S. Citizenship and Immigration Services Public Notice

4. U.S. Citizenship and Immigration Services Vermont Service Center Processing Dates Posted June 09, 2005

5. Letter from Counsel to U.S. Citizenship and Immigration Services, February 24, 2005.

**U.S. Department of Justic**
Executive Office for Immigration Review

Decision      .e Board of Immigration Appeals

Falls Church, Virginia 22041

File:    A78-634-062 - Boston

Date:      MAY 2 3 2005

In re:   ALVARENGA MAURICIO ANTONIO a.k.a. Mauricio Fuentes

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Masferrer, Eduardo, Esquire

ORDER:

PER CURIAM.  The respondent has appealed from the Immigration Judge's decision dated November 10, 2004.  We agree with the Immigration Judge's determination that the respondent is removable as charged (I.J. at 1-2; Exh. 1).  Further, notwithstanding the respondent's argument on appeal (Respondent's Br. at 2-4), we find that the Immigration Judge correctly denied the respondent's request for a continuance (Tr. at 41-42).  We have held that an Immigration Judge's refusal to continue a hearing until a visa number becomes available was proper because an Immigration Judge may neither terminate nor indefinitely adjourn the proceedings in order to delay an alien's deportation.  See Matter of Quintero, 18 I&N Dec. 348, 350 (BIA 1982) (stating that an Immigration Judge's province does not include reviewing the district director's wisdom, but he or she must execute the duty of determining whether deportability is sustained by the evidence).  An Immigration Judge also has a duty to determine deportability in an expeditious manner.  See id.; see also 8 C.F.R. § 1239.2(f) (2004).  In addition, although we have previously carved out an exception to the general rule that aliens in proceedings are not accorded continuances for the resolution of a visa petition, the Department of Homeland Security in this matter has expressed its opposition to a continuance (Tr. at 38).  See Matter of Velarde-Pacheco, 23 I&N Dec. 253 (BIA 2002).  Moreover, notwithstanding that Matter of Velarde-Pacheco, supra, was decided in the motion context, the respondent here has made no attempt to abide by the exception carved out therein.  Based on the foregoing, we affirm the Immigration Judge's decision finding that the respondent failed to establish prima facie eligibility for the relief requested.  Accordingly, the appeal is dismissed.

FOR THE BOARD

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
Boston, Massachusetts


File A 78 634 062                    November 10, 2004


In the Matter of

                              )
MAURICIO ANTONIO ALVARENGA,   )        IN REMOVAL PROCEEDINGS
                              )
          Respondent          )


CHARGE:    Section 237(a)(2)(e)(i) of the Immigration Nationality
           Act, Domestic Violence Conviction


APPLICATION:    Adjustment of Status


ON BEHALF OF RESPONDENT:              ON BEHALF OF DHS:

Eduardo Massford, Esquire            William Richards, Esquire


### ORAL DECISION OF THE IMMIGRATION JUDGE

Respondent is a native citizen of El Salvador. The respondent through counsel admitted allegations for in the Notice to Appear and denied the record of conviction and denied as well removability. The court upon a careful review of the respondents admissions as well as the police report evidence that group Exhibit 3 of the record of proceedings finds by clear and convincing evidence that the government has sustained the charges

SMR

of removeability and the Court finds by clear and convincing unequivocal evidence that the respondent is removable.  The respondent wises to adjust his status, however, he has not received an approved visa of petition at this point so that really appears to be speculative at this point.  The respondent does not appear to have any other forms of relief available to him except perhaps voluntary departure.  The court notes that given the respondent's criminal record, the court would not be inclined to grant voluntary departure as a matter of discretion.

Accordingly, the court orders the respondents removal to the country of El Salvador.

### ORDERED

IT IS HEREBY ORDERED, that the respondent be removed to the country of El Salvador.

PAUL M. GAGNON
Immigration Judge

A 78 634 062                    2                    November 10, 2004

CERTIFICATE PAGE

I hereby certify that the attached proceeding before

PAUL M. GAGNON in the matter of:

MAURICIO ANTONIO ALVARENGA

A 78 634 062

Boston, Massachusetts

was held as herein appears, and that this is the original

transcript thereof for the file of the Executive Office for

Immigration Review.

Sharon R. Ricks (Transcriber)

Deposition Services, Inc.
6245 Executive Boulevard
Rockville, Maryland  20852
(301) 881-3344

February 11, 2005

*Pr... Office*
**U.S. Department of Homeland Security**



**U.S. Citizenship
and Immigration
Services**

# Public Notice

July 15, 2004

## NOTICE TO ALL CUSTOMERS WITH A PENDING I-130 PETITION

Washington, D.C.– USCIS is now processing Form I-130, Petition for Alien Relative, as a visa number becomes available. Filing and approval of an I-130 relative petition is only the first step in helping a relative immigrate to the United States. Eligible family members must wait until there is a visa number available before they can apply for an immigrant visa or adjustment of status to a lawful permanent resident. This process will allow USCIS to concentrate resources first on cases where visas are actually available. This process should not delay the ability of one's relative to apply for an immigrant visa or adjustment of status. Refer to www.state.gov/travel to determine current visa availability dates.

- If you filed an I-130 petition that is currently pending with USCIS, please be advised that USCIS will adjudicate your petition based upon visa availability which means that the estimated processing time listed on your receipt notice may no longer be accurate.

- If you are a U.S. Citizen or lawful permanent resident and plan to file a petition for a qualifying relative, you are encouraged to file as soon as you are eligible in order to establish your relatives place in line even if the petition may not be decided for some time to come. Upon filing, USCIS will send you a receipt that will establish a place in line for a visa called a "priority date". USCIS will adjudicate your Form I-130 prior to visa availability (or within six months if a visa is immediately available upon filing).

For more information, please visit our website at www.uscis.gov or contact us at 1-800-375-5283.

- USCIS -

On March 1, 2003, U.S Citizenship and Immigration Services became one of three legacy INS components to join the U.S. Department of Homeland Security. USCIS is charged with fundamentally transforming and improving the delivery of immigration and citizenship services, while enhancing our nation's security.

U. S. Citizenship and Immigration Services

Print This Page   Back

## U.S. Citizenship and Immigration Services
## Vermont Service Center Processing Dates
## Posted June 09, 2005

The U.S. Citizenship and Immigration Services processes cases in the order in which they are received. Due to the high workload, most of the time your case is pending we will be processing cases that were filed earlier than yours. This chart tells you which cases the Service Center is processing and the date the cases were received by the Service Center.

**How do I use this chart?**

Locate the type of application or petition you filed under the heading "Form" or "Form Name". Follow the form/form name across to the heading "Processing Cases with Receipt Date of". The date shown in this column represents the filing date of the application or petition that is currently being processed at this Service Center.

**When Can I Call The National Customer Service Center?**

If you filed your case 30 days or more before the date shown under the heading "Processing Cases with Receipt Date of" and you have not received a request for evidence, a decision, or another notice in the last thirty days, please call our National Customer Service Center at 1-800-375-5283.

If you received a request for evidence and you responded more than 60 days ago and have not received a decision, please call our National Customer Service Center at 1-800-375-5283.

If you have filed any of the following forms and the indicated times have passed, please call our National Customer Service Center at 1-800-375-5283.

> Form EOIR-29: If you filed more than 60 days ago and you need to confirm that your case was sent to the Board of Immigration Appeals.
>
> Form I-290A, Motion to Reopen or Reconsider: If you filed more than 6 months ago and you have not received a reply.
>
> Form I-290B, Notice of Appeal to the Administrative Appeals Unit:
>
> > Initial receipt and preliminary processing: If you filed more than 60 days ago (from the date of receipt by the Service Center), and you need to confirm that your case was sent to the Administrative Appeals Office.
> >
> > Remands and sustained decisions: If it has been more than 60 days since the date the Administrative Appeals Office notified you in writing that it remanded (sent your case back) to the Service Center or sustained the decision (decided in your favor), and you have not received a response from the Service Center.

Waiver of the 2-Year Foreign Residence Requirement (For waiver applications that DO NOT require Form I-612). This includes waivers based on No Objection Statements, Interested Government Agency requests, and State Health Department requests. If the Department of State's Waiver Review Division sent the favorable waiver recommendation to the Service Center more than 60 days ago, and you have not received a response from the Service Center.

## Service Center Processing Dates for **Vermont** Posted June 09, 2005

| Form | Title | Classification or Basis for Filing | Now Processing Cases with Receipt Notice Date of |
|---|---|---|---|
| I-90 | Application to Replace Permanent Resident Card | Initial issuance or replacement | April 02, 2005 |
| I-90A | Application to Replace Permanent Resident Card | Initial issuance or replacement for Special Agricultral Workers (SAW) | April 02, 2005 |
| I-102 | Application for Replacement/Initial Nonimmigrant Arrival/Departure Record | Initial issuance or replacement of a Form I-94 | April 23, 2005 |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Visa to be issued abroad | April 16, 2005 |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Change of status in the | April 16, 2005 |

| | | U.S. | |
|---|---|---|---|
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Extension of stay in the U.S. | April 30, 2005 |
| I-129 | Petition for A Nonimmigrant Worker | H-1C - Nurses | April 25, 2005 |
| I-129 | Petition for A Nonimmigrant Worker | H-2A - Temporary workers | May 07, 2005 |
| I-129 | Petition for A Nonimmigrant Worker | H-2B - Other temporary workers | May 28, 2005 |
| I-129 | Petition for A Nonimmigrant Worker | H-3 - Temporary trainees | May 30, 2005 |
| I-129 | Petition for A Nonimmigrant Worker | L - Intracompany transfers | May 07, 2005 |
| I-129 | Petition for A Nonimmigrant Worker | Blanket L | May 07, 2005 |
| I-129 | Petition for A Nonimmigrant Worker | O - Extraordinary ability | May 07, 2005 |
| I-129 | Petition for A Nonimmigrant Worker | P - Athletes, artists, and entertainers | May 07, 2005 |
| I-129 | Petition for A Nonimmigrant Worker | Q - Cultural exchange visitors and exchange visitors participating in the Irish Peace process | May 30, 2005 |
| I-129 | Petition for A Nonimmigrant Worker | R - Religious occupation | May 30, 2005 |
| I-129F | Petition for Alien Fiance(e) | K-1/K-2 - Not yet married - fiance and/or dependent child | May 14, 2005 |
| I-130 | Petition for Alien Relative | U.S. citizen filing for a spouse, parent, or child under 21 | April 02, 2005 |
| I-130 | Petition for Alien Relative | U.S. citizen filing for an unmarried son or daughter over 21 | January 15, 2002 |
| I-130 | Petition for Alien Relative | U.S. citizen filing for a married son or daughter over 21 | February 26, 2000 |
| I-130 | Petition for Alien Relative | U.S. citizen filing for a brother or sister | September 24, 1999 |
| I-130 | Petition for Alien Relative | Permanent resident filling for a spouse or child under 21 | January 15, 2002 |
| I-130 | Petition for Alien Relative | Permanent resident filling for an unmarried son or daughter over 21 | April 30, 2001 |
| I-131 | Application for Travel Document | All other applicants for advance parole | April 23, 2005 |
| I-140 | Immigrant Petition for Alien Worker | Extraordinary ability | January 15, 2005 |
| I-140 | Immigrant Petition for Alien Worker | Outstanding professor or researcher | February 05, 2005 |
| I-140 | Immigrant Petition for Alien Worker | Multinational executive or manager | November 18, 2004 |
| I-140 | Immigrant Petition for Alien Worker | Schedule A Nurses | March 19, 2005 |
| I-140 | Immigrant Petition for Alien Worker | Advanced degree or exceptional ability | February 12, 2005 |
| I-140 | Immigrant Petition for Alien Worker | Advanced degree or exceptional ability requesting a National Interest Waiver | February 26, 2005 |
| I-140 | Immigrant Petition for Alien Worker | Skilled worker or professional | March 19, 2005 |
| I-140 | Immigrant Petition for Alien Worker | Unskilled worker | March 19, 2005 |
| I-212 | Application for Permission to Reapply for Admission into the U.S. After Deportation or Removal | Readmission after deportation or removal | March 12, 2005 |
| I-360 | Petition for Amerasian, Widow(er), or Special Immigrant | International broadcasters | February 26, 2005 |
| I-360 | Petition for Amerasian, Widow(er), or Special Immigrant | Religious workers | February 26, 2005 |
| I-360 | Petition for Amerasian, Widow(er), or Special Immigrant | Violence Against Women Act (VAWA) | January 29, 2005 |
| I-360 | Petition for Amerasian, Widow(er), or Special Immigrant | All other special immigrants | February 26, 2005 |
| | Application to Register Permanent Residence | | |

| I-485 | or to Adjust Status | Employment-based adjustment a   ications | July 22, 2004 |
|---|---|---|---|
| I-539 | Application to Extend/Change Nonimmigrant Status | Change of status to H or L dependents | April 30, 2005 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change status to the F or M academic or vocational student categories | April 23, 2005 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change Status to the J exchange visitor category | April 23, 2005 |
| I-539 | Application to Extend/Change Nonimmigrant Status | All other change of status applications | April 30, 2005 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of stay for H and L dependents | April 30, 2005 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of Stay for F or M academic or vocational students | April 23, 2005 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of Stay for J exchange visitors | April 23, 2005 |
| I-539 | Application to Extend/Change Nonimmigrant Status | All other extension applications | April 30, 2005 |
| I-612 | Application for Waiver of the Foreign Residence Requirement | Application for a waiver of the 2-year foreign residence requirement based on exceptional hardship or persecution | March 12, 2005 |
| I-751 | Petition to Remove the Conditions on Residence | Removal of lawful permanent resident conditions (spouses of U.S. citizens and lawful permanent residents | January 01, 2005 |
| I-765 | Application for Employment Authorization | Based on a request by a qualified F-1 academic student. [(c)(3)] | May 09, 2005 |
| I-765 | Application for Employment Authorization | Based on a pending asylum application [(c)(8)] | May 07, 2005 |
| I-765 | Application for Employment Authorization | Based on a pending I-485 adjustment application [(c)(9)] | April 23, 2005 |
| I-765 | Application for Employment Authorization | Based on TPS for Honduras/Nicaragua [(c)(19), (a)(12)] | March 04, 2005 |
| I-765 | Application for Employment Authorization | Based on TPS for El Salvador [(c)(19)(a)(12)] | April 26, 2005 |
| I-765 | Application for Employment Authorization | All other applications for employment authorization | April 30, 2005 |
| I-817 | Application for Family Unity Benefits | Voluntary departure under the family unity program | March 28, 2005 |
| I-821 | Application for Temporary Protected Status | El Salvador initial or late filing | May 19, 2005 |
| I-821 | Application for Temporary Protected Status | El Salvador extension | April 26, 2005 |
| I-821 | Application for Temporary Protected Status | Honduras and Nicaragua initial or late filing | March 04, 2005 |
| I-821 | Application for Temporary Protected Status | Honduras and Nicaragua extension | May 26, 2005 |
| I-824 | Application for Action on an Approved Application or Petition | To request further action on an approved application or petition | April 02, 2005 |
| N-600 | Application for Certification of Citizenship | Application for recognition of U.S. citizenship | February 26, 2005 |
| N-643 | Application for Certification of Citizenship on Behalf of an Adopted Child | Application for recognition of U.S. citizenship on behalf of an adopted child | May 30, 2005 |

Print This Page    Back

06-20-2005 04:02 PM EDT

# MASFERRER │ HUROWITZ, P.C.

ATTORNEYS AT LAW
6 BEACON STREET, SUITE 720   BOSTON, MA 02108
(617) 531-0135      (617) 531-0136 (f)

EDUARDO A. MASFERRER
STUART M. HUROWITZ
KAREN L. SWENSON

February 24, 2005

DHS
USCIS
Room E125
JFK Federal Bldg.
Boston, MA 02203

Re: EAC-05-027-54154

To Whom It May Concern:

On November 30, 2004 my office received the enclosed notice regarding the above
referenced receipt number for an I-130 petition for an alien relative. I understand that the
petition has been transferred to your office in order to expedite processing. However,
three months have passed with no response regarding the approval or denial of the
petition. I am writing to request an update as to the status of the case. Kindly call this
office and ask for Laura Mannion or write. Thank you for your time and assistance.

Sincerely,

Laura Mannion

For Eduardo Masferrer

# Certificate of Service

On June 30, 2005, I, Eduardo Masferrer, mailed a copy of this Petition for Writ of Mandamus, Exhibits and Appendix by regular mail to:

Denis Riordan
District Director, United States Citizenship and Immigration Service
Boston District Office
John F. Kennedy Federal Building
Government Center
Boston, MA 02203

Eduardo Aguirre, Jr.,
Director, United States Citizenship and Immigration Service
c/o Office of the General Counsel
United States Department of Homeland Security
Washington, D.C. 20258

Michael Chertoff
Secretary, Department of Homeland Security
c/o Office of the General Counsel
United States Department of Homeland Security
Washington, D.C. 20258

Dated: June 29, 2005                    Respectfully submitted,


Eduardo Masferrer
Masferrer & Hurowitz, PC
6 Beacon Street, Suit 720
Boston, Massachusetts 02108
(617) 531-0135

Attorney for Petitioner

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) ALVARENGA v Bree RIORDAN)

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local
   rule 40.1(a)(1)).

   ___ ✓  I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓      II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   ___    III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

   ___    IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

   ___    V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this
   district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                      YES ☐        NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28
   USC §2403)

                                                      YES ☐        NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                      YES ☐        NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                      YES ☐        NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
   Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                      YES ☑        NO ☐

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☑        Central Division ☐        Western Division ☐

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
        agencies,  residing in Massachusetts reside?

        Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes,
   submit a separate sheet identifying the motions)

                                                      YES ☐        NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  EDUARDO MASFERRER
ADDRESS  MASFERRER & HUROWITZ  6 BEACON Street  BOSTON, MA 02108
TELEPHONE NO.  617-531-0135

(CategoryForm.wpd -5/2/05)

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Mauricio Antonio Alvarenga
Gladys fuentes

**(b)** County of Residence of First Listed Plaintiff   Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Masferrer & Hurowitz   (617) 531-0135
6 Beacon St. Suite 720 Boston, MA 02108

## DEFENDANTS

Denis Riordan, Eduardo Aguirre, Michael Chertoff

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☒ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC § 1361

Brief description of cause:
Petition of Writ of Mandamus

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE                    DOCKET NUMBER

DATE   6/30/05

SIGNATURE OF ATTORNEY OF RECORD   for Eduardo Masferrer

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE