### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **Mauricio Antonio Alvarenga,** | ) | **Case File No.** _____ |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **Immigration File No.: A78 634 062** |
| **Alberto GONZALES,** | ) | **05  11390  JLT** |
| **Attorney General,** | ) | |
| **Respondent.** | ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR STAY OF REMOVAL PENDING ADJUDICATION OF I-130 PETITION

### I.  Procedural Background

On March 15, 2004, the Petitioner pled guilty to a count of assault and battery with a dangerous weapon. (Ex. 1.)  On July 9, 2004, the U.S. Citizenship and Immigration Service (the "USCIS" served the Petitioner with a Notice to Appear.  The Petitioner conceded deportability and sought relief to apply for Adjustment of Status under INA § 245(a) in conjunction with a waiver under INA § 212(h), based on his marriage to a United States citizen.  On November 10, 2004, the Immigration Judge found the Petitioner deportable in a written decision.  Petitioner was subsequently ordered removed to El Salvador.  (I.J. Dec. at 2.)

The Petitioner filed a timely notice to appeal the Court's decision to the Board of Immigration Appeals.  In a written decision dated May 23, 2005, the Board dismissed the appeal and affirmed the underlying Immigration Judge's decision. (B.I.A. at 1.)

On June 29, 2005, Mr. Alvarenga filed a timely Petition for Writ of Mandamus to compel the adjudication of the pending I-130 petition to the Court.

## II. Factual Background

Petitioner, Mauricio Antonio Alvarenga, married Gloria Fuentes on August 16, 2003.
(Ex. 1.) Mrs. Fuentes is a United States citizen by birth. Their only child, Armani, was born in
the United States on March 31, 2001. To support his family, Mr. Alvarenga worked as a shuttle
bus driver for Mt. Auburn Hospital in Cambridge, Massachusetts. Mr. Alvarenga pled guilty to a
count of assault and battery with a dangerous weapon on March 15, 2004. (Ex. 2.) Subsequently,
the Department of Homeland Security took him into custody.

On July 15, 2004, the USCIS released a public notice stating that they will adjudicate I-
130 petitions "…within six months if a visa is immediately available upon filing." (Public
Notice at 1.) On September 22, 2004, Counsel informed the Court that an I-130 was being
prepared on the Petitioner's behalf and that it was the Petitioner's intent to apply for an
adjustment of status, pursuant to INA § 245(a) along with a waiver pursuant to INA § 212(h).[1]
The USCIS publishes the Receipt Notice dates that they are currently processing on their
website. (USCIS Processing Dates at 1.) According to the website, it appeared that the wait time
for I-130 petition adjudication was approximately three months. Further, since the I-130 petition
is based on Mr. Alvarenga's marriage to a U.S. citizen, a visa would be immediately available if
the petition is approved. The Court then continued the matter until November.

The Petitioner's wife filed an I-130 petition on his behalf, which the USCIS received on
November 8, 2004. (Ex. 3.) The I-130 petition is prima facie approvable because Mr. Alvarenga
married Mrs. Fuentes before deportation proceedings began, he has a son as a result of that
marriage, and at no point during their marriage were the Petitioners legally separated.

By November 11, 2004, the USCIS had not adjudicated the Petitioner's application. In

---

[1] Mr. Alvarenga was, at the time the I-130 petition was filed, lawfully present in the United States. As such, he
qualified for Adjustment of Status under INA § 245(a).

2

order to permit the USCIS additional time to adjudicate the pending I-130, the Petitioner requested a continuance. The Petitioner stated that the sole reason for the continuance was due to the USCIS's failure to adjudicate the I-130 petition. The Court denied the Petitioner's request. (I.J. at 2.) As the I-130 was not yet adjudicated, the Petitioner was ineligible to apply for Adjustment of Status under INA § 245(a) with a waiver under INA § 212(h). The Immigration Judge then ordered him removed from the United States. (*Id.*)

Petitioner then filed an administrative appeal to the Board of Immigration Appeals ("the Board"). On May 23, 2005, the Board found that the Petitioner was removable and had not established that he merits relief from removal. (B.I.A. at 1.) The Board affirmed the underlying Immigration Judge's decision and dismissed the appeal. *Id.* As of June 28, 2005, over seven months after filing the I-130, the USCIS has still not adjudicated the petition.

Mr. Alvarenga's order of removal is administratively final, and therefore, he is subject to being physically removed from the United States. Petitioner's counsel wrote a letter to the USCIS to request an update of the status of the petition and has received no response. (Counsel letter, Feb. 24, 2005) To date, the Petitioner has not received notice of the status of his I-130 petition except for a Notice of Action indicating that it had been transferred to the Boston Office to "speed processing." (Ex. 4.)

## III. Argument

### A. A STAY OF REMOVAL IS WARRANTED BECAUSE PETITIONER IS LIKELY TO SUCCEED ON THE MERITS OF THE I-130 PETITION FILED ON HIS BEHALF.

The Petitioner is prima facie eligible for the I-130 visa and, as such, the petition will likely be granted. Immediate relatives are "children, spouses and parents of a citizen of the United States." INA § 201(b)(2)(A)(i), 8 U.S.C. § 1151(b)(2)(A)(i). As such, they are not subject to numerical visa limitations and are immediately granted visas upon approval. *Id.*; I-130

3

Petition Instructions at 4.

An immigrant visa may be granted to "an immediate relative as such upon satisfactory proof, under regulations prescribed under this Act, that the applicant is entitled to ... immediate relative status." INA § 224, 8 U.S.C. § 1204. A U.S. citizen may file an I-130 petition for a spouse in order to "establish a relationship to certain alien relatives who wish to immigrate to the United States." (I-130 Petition Instructions at 1.) To prove a marital relationship, the petitioner must submit a copy of her marriage certificate, a passport-style color photo of herself and her husband and a Form G-325A for herself and her husband. *Id.* at 2. Marriages entered into after exclusion or deportation proceedings have begun are presumed fraudulent and the presumption can only be overcome by "clear and convincing" evidence. *Matter of Arthur*, 20 I. & N. Dec. 475, 479 (B.I.A. 1992); 8 U.S.C. § 1255(e).

In the present case, the Petitioner's wife filed the I-130 petition with all of the necessary documentation. She is a United States Citizen by birth and their marriage classifies Mr. Alvarenga as an immediate relative . There is no evidence to suggest that the marriage is fraudulent. They were married long before the removal proceedings commenced. (Ex. 1) They have a four-year old son together. The Petitioner and his wife were never legally separated. Therefore, the Petitioner is prima facie eligible for the immediate relative visa and the I-130 petition is likely to be granted.

## B. A STAY OF REMOVAL IS WARRANTED BECAUSE PETITIONER IS LIKELY TO SUCCEED ON THE MERITS OF HIS PETITION.

The Petition for Writ of Mandamus clearly shows that the USCIS has a duty to adjudicate the I-130 petition filed on the Petitioner's behalf in a timely manner and that it has failed to do so. While the decision to grant or deny the petition is wholly discretionary, 8 U.S.C. § 1255(a), actually adjudicating the petition is not. *Bartolini v. Ashcroft*, 226 F. Supp. 2d 350, 353 n.3 (D.

Conn. 2002). The duty to adjudicate I-130 petitions is spelled out in the Administrative

Procedures Act, 5 U.S.C. § 555(b): "[w]ith due regard for the convenience and necessity of the

parties or their representatives and within a reasonable time, each agency shall proceed to

conclude a matter presented to it."

Though the USCIS does not have a statutorily defined timeline to which they must

adhere, in a Public Notice dated July 15, 2005, the USCIS promises to "...adjudicate your Form

I-130 petition...within six months if a visa is immediately available upon filing." (Public Notice

at 1.) If granted, the Petitioner's visa would be immediately available because of his marriage to

a United States citizen. 8 U.S.C. § 1151(b)(2)(A)(i). Further, since the petition was moved to

the Boston District Office to "speed processing," it is fair to assume that the petition would be

adjudicated far within the six months the USCIS promises in the Public Notice. (Ex. 4.)

Therefore, the USCIS has breached its duty to the Petitioner to adjudicate the petition within a

reasonable time of six months or less and the Petition will likely succeed on its merits.

C. IRREPARABLE HARM WILL OCCUR IF A STAY IS NOT GRANTED

If Mr. Alvarenga is removed before the adjudication of his I-130, he will be irreparably

harmed. Though he will be able to proceed with his Petition for Writ of Mandamus once he is

outside of the United States, he will be required to wait up to ten years before reentering. INA §

212(a)(9)(A)(i). Those ten years would be irredeemable.

The harm of being forced to leave behind his U.S. citizen wife and only child clearly

outweighs the harm to the Respondent if the stay is not granted. While the Government may

claim that the cost of keeping Mr. Alvarenga detained while he his Petition is heard is high, it is

merely monetary[2]. Further, the delay is due to a lack of action by the Government who has not

---

[2] The Petitioner is bond eligible. However, the Government opposed his release on bond; therefore, the Petitioner has been detained.

5

adjudicated his petition. In contrast, the cost to Mr. Alvarenga and his family will be emotional and financial. They will be faced with the prospect of spending ten years apart, even though he would otherwise be eligible to be a permanent resident.

Additionally, removal is well known as having harsh consequences including loss of family, friends, and livelihood forever plus banishment to a country that would surely result in poverty and possibly prosecution. *Bridges v. Wixon*, 326 U.S. 135, 164 (1945); *Padilla-Agustin v. INS*, 21 F.3d 970, 978 (9th Cir. 1994). The harm would be exacerbated by the fact that Mr. Alvarenga already has a paying job secured for him once he is released from custody. (Ex. 5) His potential ten-year absence would deny his wife of the emotional and financial support of a husband and leave a son without access to his father. The negative impact on society due to a father's absence from the home is well documented. See Tiffany J. Jones, *Neglected by the System: A Call for Equal Treatment for Incarcerated Fathers and Their Children—Will Father Absenteeism Perpetuate the Cycle of Criminality?*, 39 Cal. W. L. Rev. 87 (2002); Solangel Maldonado, *Beyond Economic Fatherhood: Encouraging Divorced Fathers to Parent*, 153 U. Pa. L. Rev. 921 (2005). Thus, granting the stay would also serve the public interest.

**IV. Conclusion**

For the aforementioned reasons, Petitioner respectfully requests that this Court stay his removal pending adjudication of the I-130 petition filed on his behalf.

Dated: June 30, 2005                          Respectfully submitted,

Eduardo Masferrer
Masferrer & Hurowitz, PC
6 Beacon Street, Suit 720
Boston, Massachusetts 02108
(617) 531-0135
Attorney for Petitioner

6

# Exhibit 1

COUNTY OF SUFFOLK, COMMONWEALTH OF MASSACHUSETTS, UNITED STATES OF AMERICA

Certificate R № 6253

I, the undersigned, hereby certify that I hold the office of ...............................
City Registrar of the City of Boston and I certify the following facts appear on the
records of Births, Marriages and Deaths kept in said City as required by law.

## The Commonwealth of Massachusetts
DEPARTMENT OF PUBLIC HEALTH
REGISTRY OF VITAL RECORDS AND STATISTICS
**CERTIFICATE OF MARRIAGE**

BOSTON

Registered No. _____   Index No. 2125

1 Place of Marriage City or Town BOSTON
2 Date of Marriage AUG 16 2003

| GROOM | BRIDE |
|---|---|
| 3 FULL NAME MAURICIO ANTONIO FUENTES | 12 FULL NAME GLADYS MARIA FELICIANO |
| 3A SURNAME AFTER MARRIAGE FUENTES | 12A SURNAME AFTER MARRIAGE FUENTES |
| 4 DATE OF BIRTH AUG 26 1982 — 5 OCCUPATION CASHIER | 13 DATE OF BIRTH AUG 4 1983 — 14 OCCUPATION BIRTH REGISTRAR |
| 6 RESIDENCE 72 ELM ST # 3 CITY/TOWN CAMBRIDGE ST MA CODE 02141 | 15 RESIDENCE 962 PARKER ST # 285 CITY/TOWN BOSTON ST MA CODE 02141 |
| 7 NUMBER OF MARRIAGE 1ST — 8 WIDOWED OR DIVORCED | 16 NUMBER OF MARRIAGE 1ST — 17 WIDOWED OR DIVORCED |
| 9 BIRTHPLACE SAN SALVADOR EL SALVADOR | 18 BIRTHPLACE BOSTON MA |
| 10 MAIDEN NAME OF MOTHER ANA PATRICIA DERAS | 19 MAIDEN NAME OF MOTHER BRUNILDA RAMOS |
| 11 NAME OF FATHER MORRIS ALVARENGA | 20 NAME OF FATHER HECTOR LUIS FELICIANO |

21 THE INTENTION OF MARRIAGE BOSTON ... was duly entered ... 24TH day of JULY 2003

22 I HEREBY CERTIFY that I solemnized the marriage ... at No. 780 South Boston ... August 16 2003
Signature Mary M. V (Mini) Graney
Justice of The Peace
Address 41 Marland St, Somerville, MA 02145

AUG 20 2003   CLERK OR REGISTRAR

I further hereby certify that by annex-ation, the Records of the following-named cities and towns are in the custody of the City Registrar of Boston:—

East Boston ...1637
South Boston ...1804
Roxbury ...1868
Dorchester ...1870
Charlestown
Brighton ...1874
West Roxbury
Hyde Park ...1912

WITNESS my hand and the SEAL of the CITY REGISTRAR
on this ........ Day of ........ A.D.
SEP 1 0 2003
Judith A. McCarthy City Registrar

By Chapter 314 of the Acts of 1892, "the certificates or attestations of the Assistant City Registrars shall have the same force and effect as that of the City Registrar."



# Exhibit 2

030    R003888    District Court Department

| DEFENDANT NAME AND ADDRESS | DOB | GENDER | COURT NAME AND ADDRESS |
|---|---|---|---|
| MAURICIO A FUENTES<br>116 SPRING ST<br>W ROXBURY, MA 02132 | 08/26/1982 | MALE | WEST ROXBURY DISTRICT COURT<br>445 ARBORWAY<br>JAMAICA PLAIN, MA 02130-3688 |
| | DATE COMPLAINT ISSUED<br>12/22/2003 | | (617)971-1200 |
| *0306R0801* | PRECOMPLAINT ARREST DATE<br>12/21/2003 | | INTERPRETER REQUIRED |

FIRST FIVE OFFENSE COUNTS

| COUNT | CODE | OFFENSE DESCRIPTION | OFFENSE DATE |
|---|---|---|---|
| 1 | 265/15A/A | A&B WITH DANGEROUS WEAPON c265 §15A(b) | 12/21/2003 |

*2/23/14 ~~McLean~~ · 2/26/04 atty Mullen appt*

| DEFENSE ATTORNEY<br>*Perry* | OFFENSE CITY/TOWN<br>ROSLINDALE | POLICE DEPARTMENT<br>BOSTON P.D. -AREA E- |
|---|---|---|

| DATE & JUDGE | DOCKET ENTRY | DATE & JUDGE | FEES IMPOSED |
|---|---|---|---|
| *Rufo*<br>12-22-03 | ☑ Attorney appointed (SJC R. 3:10)<br>☐ Atty denied & Deft. Advised per 211 D §2A<br>☐ Waiver of Counsel found after colloquy | *Rufo*<br>12-22-03 | Legal Counsel Fee (211D § 2A¶2)<br>$ *150/CWS* ☐ WA<br>Legal Counsel Contribution (211D § 2)<br>$ ☐ WA |
| *Rufo*<br>12-22-03 | Terms of release set: ☐ PR ☑ Bail *500C*<br>*5000S*<br>☐ See Docket for special conditions<br>☐ Hold (276 §58A) *abide by*<br>*MMS R.* | | Default Warrant Assessment Fee (276 § 30 ¶2)<br>$ ☐ WA<br>Default Warrant Removal Fee (276 § 30 ¶1)<br>$ ☐ WA |
| *Rufo*<br>12-22-03 | Arraigned and advised: ☑ Potential of bail revocation (276 §58)<br>☑ Right to bail to review (276 §58)<br>☐ Right to drug exam (111E § 10) | *1/9/04 Rufo* | Probation Supervision Fee (276 § 37A)<br>$ *65/mo* ☐ WA<br>Bail Order Forfeited |
| | Advised of right to jury trial ☐ Waiver of jury found after colloquy<br>☐ Does not waive | | |
| | Advised of trial rights as pro se (Dist. Ct. Supp.R.4) | | |
| | Advised of right of appeal to Appeals Ct. (M.R. Crim P.R. 28) | | |

SCHEDULING HISTORY

| NO. | SCHEDULED DATE | EVENT | RESULT | | JUDGE | TAPE START/S |
|---|---|---|---|---|---|---|
| 1 | 12/22/2003 | ARR | ☐ Held ☐ Cont'd | *Matt & Mac nined* TS | | |
| 2 | *1-9-04* | *PTH* | ☐ Held ☐ Cont'd | | | |
| 3 | *7-8-05* | *Prob* | ☐ Held ☐ Cont'd | | | |
| 4 | *2-26-04* | *Arr* | ☐ Held ☐ Cont'd | | | |
| 5 | *3.15.04* | *Arr.* | ☐ Held ☐ Cont'd | | | |
| 6 | | | ☐ Held ☐ Cont'd | | | |
| 7 | | | ☐ Held ☐ Cont'd | | | |
| 8 | | | ☐ Held ☐ Cont'd | | | |
| 9 | | | ☐ Held ☐ Cont'd | | | |
| 10 | | | ☐ Held ☐ Cont'd | | | |

APPROVED ABBERVATIONS

ARR = Arraignment    PT= Pretrial hearing    CE = Discovery compliance & jury selection    T = Bench trial    JT = Jury trial    PC = Probable cause hearing    M = Motion hearing    SR= Status review
SRP = Status review of payments    FA = First appearance in jury session    S = Sentencing    CW = Continuance-without-finding scheduled to terminate    P = Probation scheduled to terminate
DFTA = Defendant failed to appear & was defaulted    WAR = Warrant Issued    WARD = Default warrant issued    WR = Warrant or default warrant recalled    PV = probation violation hearing

| A TRUE COPY ATTEST: | CLERK-MAGISTRATE / ASST CLERK<br>X | | TOTAL NO. OF PAGES | ON (DATE) |
|---|---|---|---|---|

# Exhibit 3

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | | CASE TYPE  I130   IMMIGRANT PETITION FOR RELATIVE, |
|---|---|---|
| EAC-05-027-54154 | | FIANCE(E), OR ORPHAN |

| RECEIVED DATE | PRIORITY DATE | PETITIONER |
|---|---|---|
| November 8, 2004 | | FUENTES, GLADYS L. |

| NOTICE DATE | PAGE | BENEFICIARY  A78 634 062 |
|---|---|---|
| November 8, 2004 | 1 of 1 | ALVARENGA, MAURICIO A. |

EDUARDO MASFERRER
6 BEACON STREET
SUITE 720
BOSTON MA 02108

Notice Type:  Receipt Notice

Amount received: $  185.00

Section: Husband or wife of U.S.
Citizen, 201(b) INA

**Receipt notice** - If any of the above information is incorrect, call customer service immediately.

**Processing time** - Processing times vary by kind of case.
- You can check our current processing time for this kind of petition on our website at uscis.gov.
- On our website you can also sign up to get free e-mail notification as we complete key processing steps on this case.
- Most of the time your case is pending the processing status will not change because we will be working on others filed earlier.
- We will notify you by mail when we make a decision on this case, or if we need something from you.
- If you move while this case is pending, call customer service when you move.
- Processing times can change. If you don't get a decision or update from us within our current processing time, check our website or call for an update.

If you have questions, check our website or call customer service. Please save this notice, and have it with you if you contact us about this case.

**Notice to all customers with a pending I-130 petition** - USCIS is now processing Form I-130, Petition for Alien Relative, as a visa number becomes available. Filing and approval of an I-130 relative petition is only the first step in helping a relative immigrate to the United States. Eligible family members must wait until there is a visa number available before they can apply for an immigrant visa or adjustment of status to a lawful permanent resident. This process will allow USCIS to concentrate resources first on cases where visas are actually available. This process should not delay the ability of one's relative to apply for an immigrant visa or adjustment of status. Refer to www.state.gov/travel <http://www.state.gov/travel> to determine current visa availability dates. For more information, please visit our website at www.uscis.gov or contact us at 1-800-375-5283.

Always remember to call customer service if you move while your case is pending. If you have a pending I-130 relative petition, also call customer service if you should decide to withdraw your petition or if you become a U.S. citizen.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (800) 375-5283



# Exhibit 4

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | | CASE TYPE I130 IMMIGRANT PETITION FOR RELATIVE, |
|---|---|---|
| EAC-05-027-54154 | | FIANCE(E), OR ORPHAN |
| RECEIPT DATE | PRIORITY DATE | PETITIONER |
| November 8, 2004 | | FUENTES, GLADYS L. |
| NOTICE DATE | PAGE | |
| November 30, 2004 | 1 of 1 | |

EDUARDO MASFERRER
6 BEACON STREET
SUITE 720
BOSTON MA 02108

**Notice Type:** Transfer Notice

This is to advise you that in order to speed processing we have transferred the above case to the following INS office for processing:

    Room E125, John F. Kennedy Federal Bldg., Boston MA 02203

    Telephone: (617) 565-3879

That office will notify you of the decision made on the application or petition. Any further inquiries should be made to that office.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (800) 375-5283



Form I-797C (Rev. 08/31/04) N

# Exhibit 5

Kojak's Reconditioning
371 Washington Street
Newton, MA 01165
(508) 584-5293

3/30/04

Re: Mauricio Fuentes

To Whom It May Concern:

I am the owner of Kojak's Reconditioning. This letter is to inform you that Mauricio
Fuentes, 20 Otis Street #2, Somerville MA 02145, has a job available to him in my place
of employment cleaning autos.  If you have any questions, please feel free to call me at
(508) 584-5293 or (508) 243-2599. Thank you.

Sincerely,

3/30/04

LIGIA T. KELLY
NOTARY PUBLIC
MY COMMISSION EXPIRES
OCTOBER 8, 2004

# Appendix

1. Decision of the Board of Immigration Appeals

2. Decision of the Immigration Judge

3. U.S. Citizenship and Immigration Services Public Notice

4. U.S. Citizenship and Immigration Services Vermont Service Center Processing Dates Posted June 09, 2005

5. Letter from Counsel to U.S. Citizenship and Immigration Services, February 24, 2005.

6. I-130 Petition for Alien Relative Instructions

U.S. Department of Just
Executive Office for Immigration Review

Decisio  the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A78-634-062 - Boston

Date:

MAY 2 3 2005

In re: ALVARENGA MAURICIO ANTONIO a.k.a. Mauricio Fuentes

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Masferrer, Eduardo, Esquire

ORDER:

PER CURIAM. The respondent has appealed from the Immigration Judge's decision dated November 10, 2004. We agree with the Immigration Judge's determination that the respondent is removable as charged (I.J. at 1-2; Exh. 1). Further, notwithstanding the respondent's argument on appeal (Respondent's Br. at 2-4), we find that the Immigration Judge correctly denied the respondent's request for a continuance (Tr. at 41-42). We have held that an Immigration Judge's refusal to continue a hearing until a visa number becomes available was proper because an Immigration Judge may neither terminate nor indefinitely adjourn the proceedings in order to delay an alien's deportation. See Matter of Quintero, 18 I&N Dec. 348, 350 (BIA 1982) (stating that an Immigration Judge's province does not include reviewing the district director's wisdom, but he or she must execute the duty of determining whether deportability is sustained by the evidence). An Immigration Judge also has a duty to determine deportability in an expeditious manner. See id.; see also 8 C.F.R. § 1239.2(f) (2004). In addition, although we have previously carved out an exception to the general rule that aliens in proceedings are not accorded continuances for the resolution of a visa petition, the Department of Homeland Security in this matter has expressed its opposition to a continuance (Tr. at 38). See Matter of Velarde-Pacheco, 23 I&N Dec. 253 (BIA 2002). Moreover, notwithstanding that Matter of Velarde-Pacheco, supra, was decided in the motion context, the respondent here has made no attempt to abide by the exception carved out therein. Based on the foregoing, we affirm the Immigration Judge's decision finding that the respondent failed to establish prima facie eligibility for the relief requested. Accordingly, the appeal is dismissed.

FOR THE BOARD

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
Boston, Massachusetts


File A 78 634 062                                    November 10, 2004


In the Matter of

                                      )
MAURICIO ANTONIO ALVARENGA,           )        IN REMOVAL PROCEEDINGS
                                      )
          Respondent                  )


CHARGE:    Section 237(a)(2)(e)(i) of the Immigration Nationality
           Act, Domestic Violence Conviction


APPLICATION:    Adjustment of Status


ON BEHALF OF RESPONDENT:                   ON BEHALF OF DHS:

Eduardo Massford, Esquire                  William Richards, Esquire


### ORAL DECISION OF THE IMMIGRATION JUDGE

          Respondent is a native citizen of El Salvador.   The
respondent through counsel admitted allegations for in the Notice
to Appear and denied the record of conviction and denied as well
removability.  The court upon a careful review of the respondents
admissions as well as the police report evidence that group
Exhibit 3 of the record of proceedings finds by clear and
convincing evidence that the government has sustained the charges

SMR

of removeability and the Court finds by clear and convincing unequivocal evidence that the respondent is removable.    The respondent wises to adjust his status, however, he has not received an approved visa of petition at this point so that really appears to be speculative at this point.    The respondent does not appear to have any other forms of relief available to him except perhaps voluntary departure.    The court notes that given the respondent's criminal record, the court would not be inclined to grant voluntary departure as a matter of discretion.

Accordingly, the court orders the respondents removal to the country of El Salvador.

### ORDERED

IT IS HEREBY ORDERED, that the respondent be removed to the country of El Salvador.

_____

PAUL M. GAGNON
Immigration Judge

A 78 634 062                2                November 10, 2004

## CERTIFICATE PAGE

I hereby certify that the attached proceeding before

PAUL M. GAGNON in the matter of:

MAURICIO ANTONIO ALVARENGA

A 78 634 062

Boston, Massachusetts

was held as herein appears, and that this is the original

transcript thereof for the file of the Executive Office for

Immigration Review.

_Sharon Ricks_
Sharon R. Ricks (Transcriber)

Deposition Services, Inc.
6245 Executive Boulevard
Rockville, Maryland  20852
(301) 881-3344

February 11, 2005



, . *ess Office*
**U.S. Department of Homeland Security**

**U.S. Citizenship
and Immigration
Services**

# Public Notice

July 15, 2004

### NOTICE TO ALL CUSTOMERS WITH A PENDING I-130 PETITION

Washington, D.C.– USCIS is now processing Form I-130, Petition for Alien Relative, as a visa number becomes available. Filing and approval of an I-130 relative petition is only the first step in helping a relative immigrate to the United States. Eligible family members must wait until there is a visa number available before they can apply for an immigrant visa or adjustment of status to a lawful permanent resident. This process will allow USCIS to concentrate resources first on cases where visas are actually available. This process should not delay the ability of one's relative to apply for an immigrant visa or adjustment of status. Refer to www.state.gov/travel to determine current visa availability dates.

- If you filed an I-130 petition that is currently pending with USCIS, please be advised that USCIS will adjudicate your petition based upon visa availability which means that the estimated processing time listed on your receipt notice may no longer be accurate.

- If you are a U.S. Citizen or lawful permanent resident and plan to file a petition for a qualifying relative, you are encouraged to file as soon as you are eligible in order to establish your relatives place in line even if the petition may not be decided for some time to come. Upon filing, USCIS will send you a receipt that will establish a place in line for a visa called a "priority date". USCIS will adjudicate your Form I-130 prior to visa availability (or within six months if a visa is immediately available upon filing).

For more information, please visit our website at www.uscis.gov or contact us at 1-800-375-5283.

- USCIS -

On March 1, 2003, U.S Citizenship and Immigration Services became one of three legacy INS components to join the U.S. Department of Homeland Security. USCIS is charged with fundamentally transforming and improving the delivery of immigration and citizenship services, while enhancing our nation's security.

U. S. Citizenship and Immigration Services

Print This Page    Back

## U.S. Citizenship and Immigration Services
## Vermont Service Center Processing Dates
## Posted June 09, 2005

The U.S. Citizenship and Immigration Services processes cases in the order in which they are received. Due to the high workload, most of the time your case is pending we will be processing cases that were filed earlier than yours. This chart tells you which cases the Service Center is processing and the date the cases were received by the Service Center.

### How do I use this chart?

Locate the type of application or petition you filed under the heading "Form" or "Form Name". Follow the form/form name across to the heading "Processing Cases with Receipt Date of". The date shown in this column represents the filing date of the application or petition that is currently being processed at this Service Center.

### When Can I Call The National Customer Service Center?

If you filed your case 30 days or more before the date shown under the heading "Processing Cases with Receipt Date of" and you have not received a request for evidence, a decision, or another notice in the last thirty days, please call our National Customer Service Center at 1-800-375-5283.

If you received a request for evidence and you responded more than 60 days ago and have not received a decision, please call our National Customer Service Center at 1-800-375-5283.

If you have filed any of the following forms and the indicated times have passed, please call our National Customer Service Center at 1-800-375-5283.

> Form EOIR-29: If you filed more than 60 days ago and you need to confirm that your case was sent to the Board of Immigration Appeals.
>
> Form I-290A, Motion to Reopen or Reconsider: If you filed more than 6 months ago and you have not received a reply.
>
> Form I-290B, Notice of Appeal to the Administrative Appeals Unit:
>
> > Initial receipt and preliminary processing: If you filed more than 60 days ago (from the date of receipt by the Service Center), and you need to confirm that your case was sent to the Administrative Appeals Office.
> >
> > Remands and sustained decisions: If it has been more than 60 days since the date the Administrative Appeals Office notified you in writing that it remanded (sent your case back) to the Service Center or sustained the decision (decided in your favor), and you have not received a response from the Service Center.

Waiver of the 2-Year Foreign Residence Requirement (For waiver applications that DO NOT require Form I-612). This includes waivers based on No Objection Statements, Interested Government Agency requests, and State Health Department requests. If the Department of State's Waiver Review Division sent the favorable waiver recommendation to the Service Center more than 60 days ago, and you have not received a response from the Service Center.

### Service Center Processing Dates for **Vermont** Posted June 09, 2005

| Form | Title | Classification or Basis for Filing | Now Processing Cases with Receipt Notice Date of |
|---|---|---|---|
| I-90 | Application to Replace Permanent Resident Card | Initial issuance or replacement | April 02, 2005 |
| I-90A | Application to Replace Permanent Resident Card | Initial issuance or replacement for Special Agricultral Workers (SAW) | April 02, 2005 |
| I-102 | Application for Replacement/Initial Nonimmigrant Arrival/Departure Record | Initial issuance or replacement of a Form I-94 | April 23, 2005 |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Visa to be issued abroad | April 16, 2005 |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Change of status in the | April 16, 2005 |

| | | U.S. | |
|---|---|---|---|
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Extension of stay in the U.S. | April 30, 2005 |
| I-129 | Petition for A Nonimmigrant Worker | H-1C - Nurses | April 25, 2005 |
| I-129 | Petition for A Nonimmigrant Worker | H-2A - Temporary workers | May 07, 2005 |
| I-129 | Petition for A Nonimmigrant Worker | H-2B - Other temporary workers | May 28, 2005 |
| I-129 | Petition for A Nonimmigrant Worker | H-3 - Temporary trainees | May 30, 2005 |
| I-129 | Petition for A Nonimmigrant Worker | L - Intracompany transfers | May 07, 2005 |
| I-129 | Petition for A Nonimmigrant Worker | Blanket L | May 07, 2005 |
| I-129 | Petition for A Nonimmigrant Worker | O - Extraordinary ability | May 07, 2005 |
| I-129 | Petition for A Nonimmigrant Worker | P - Athletes, artists, and entertainers | May 07, 2005 |
| I-129 | Petition for A Nonimmigrant Worker | Q - Cultural exchange visitors and exchange visitors participating in the Irish Peace process | May 30, 2005 |
| I-129 | Petition for A Nonimmigrant Worker | R - Religious occupation | May 30, 2005 |
| I-129F | Petition for Alien Fiance(e) | K-1/K-2 - Not yet married - fiance and/or dependent child | May 14, 2005 |
| I-130 | Petition for Alien Relative | U.S. citizen filing for a spouse, parent, or child under 21 | April 02, 2005 |
| I-130 | Petition for Alien Relative | U.S. citizen filing for an unmarried son or daughter over 21 | January 15, 2002 |
| I-130 | Petition for Alien Relative | U.S. citizen filing for a married son or daughter over 21 | February 26, 2000 |
| I-130 | Petition for Alien Relative | U.S. citizen filing for a brother or sister | September 24, 1999 |
| I-130 | Petition for Alien Relative | Permanent resident filling for a spouse or child under 21 | January 15, 2002 |
| I-130 | Petition for Alien Relative | Permanent resident filling for an unmarried son or daughter over 21 | April 30, 2001 |
| I-131 | Application for Travel Document | All other applicants for advance parole | April 23, 2005 |
| I-140 | Immigrant Petition for Alien Worker | Extraordinary ability | January 15, 2005 |
| I-140 | Immigrant Petition for Alien Worker | Outstanding professor or researcher | February 05, 2005 |
| I-140 | Immigrant Petition for Alien Worker | Multinational executive or manager | November 18, 2004 |
| I-140 | Immigrant Petition for Alien Worker | Schedule A Nurses | March 19, 2005 |
| I-140 | Immigrant Petition for Alien Worker | Advanced degree or exceptional ability | February 12, 2005 |
| I-140 | Immigrant Petition for Alien Worker | Advanced degree or exceptional ability requesting a National Interest Waiver | February 26, 2005 |
| I-140 | Immigrant Petition for Alien Worker | Skilled worker or professional | March 19, 2005 |
| I-140 | Immigrant Petition for Alien Worker | Unskilled worker | March 19, 2005 |
| I-212 | Application for Permission to Reapply for Admission into the U.S. After Deportation or Removal | Readmission after deportation or removal | March 12, 2005 |
| I-360 | Petition for Amerasian, Widow(er), or Special Immigrant | International broadcasters | February 26, 2005 |
| I-360 | Petition for Amerasian, Widow(er), or Special Immigrant | Religious workers | February 26, 2005 |
| I-360 | Petition for Amerasian, Widow(er), or Special Immigrant | Violence Against Women Act (VAWA) | January 29, 2005 |
| I-360 | Petition for Amerasian, Widow(er), or Special Immigrant | All other special immigrants | February 26, 2005 |
| | Application to Register Permanent Residence | | |

| I-485 | or to Adjust Status | Employment-based adjustment applications | July 22, 2004 |
|---|---|---|---|
| I-539 | Application to Extend/Change Nonimmigrant Status | Change of status to H or L dependents | April 30, 2005 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change status to the F or M academic or vocational student categories | April 23, 2005 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change Status to the J exchange visitor category | April 23, 2005 |
| I-539 | Application to Extend/Change Nonimmigrant Status | All other change of status applications | April 30, 2005 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of stay for H and L dependents | April 30, 2005 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of Stay for F or M academic or vocational students | April 23, 2005 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of Stay for J exchange visitors | April 23, 2005 |
| I-539 | Application to Extend/Change Nonimmigrant Status | All other extension applications | April 30, 2005 |
| I-612 | Application for Waiver of the Foreign Residence Requirement | Application for a waiver of the 2-year foreign residence requirement based on exceptional hardship or persecution | March 12, 2005 |
| I-751 | Petition to Remove the Conditions on Residence | Removal of lawful permanent resident conditions (spouses of U.S. citizens and lawful permanent residents | January 01, 2005 |
| I-765 | Application for Employment Authorization | Based on a request by a qualified F-1 academic student. [(c)(3)] | May 09, 2005 |
| I-765 | Application for Employment Authorization | Based on a pending asylum application [(c)(8)] | May 07, 2005 |
| I-765 | Application for Employment Authorization | Based on a pending I-485 adjustment application [(c)(9)] | April 23, 2005 |
| I-765 | Application for Employment Authorization | Based on TPS for Honduras/Nicaragua [(c)(19), (a)(12)] | March 04, 2005 |
| I-765 | Application for Employment Authorization | Based on TPS for El Salvador [(c)(19)(a)(12)] | April 26, 2005 |
| I-765 | Application for Employment Authorization | All other applications for employment authorization | April 30, 2005 |
| I-817 | Application for Family Unity Benefits | Voluntary departure under the family unity program | March 28, 2005 |
| I-821 | Application for Temporary Protected Status | El Salvador initial or late filing | May 19, 2005 |
| I-821 | Application for Temporary Protected Status | El Salvador extension | April 26, 2005 |
| I-821 | Application for Temporary Protected Status | Honduras and Nicaragua initial or late filing | March 04, 2005 |
| I-821 | Application for Temporary Protected Status | Honduras and Nicaragua extension | May 26, 2005 |
| I-824 | Application for Action on an Approved Application or Petition | To request further action on an approved application or petition | April 02, 2005 |
| N-600 | Application for Certification of Citizenship | Application for recognition of U.S. citizenship | February 26, 2005 |
| N-643 | Application for Certification of Citizenship on Behalf of an Adopted Child | Application for recognition of U.S. citizenship on behalf of an adopted child | May 30, 2005 |

Print This Page    Back

06-20-2005 04:02 PM EDT

# MASFERRER | HUROWITZ, P.C.

### ATTORNEYS AT LAW
6 BEACON STREET, SUITE 720   BOSTON, MA 02108
(617) 531-0135      (617) 531-0136 (f)

EDUARDO A. MASFERRER
STUART M. HUROWITZ
KAREN L. SWENSON

February 24, 2005

DHS
USCIS
Room E125
JFK Federal Bldg.
Boston, MA 02203

Re: EAC-05-027-54154

To Whom It May Concern:

On November 30, 2004 my office received the enclosed notice regarding the above referenced receipt number for an I-130 petition for an alien relative. I understand that the petition has been transferred to your office in order to expedite processing. However, three months have passed with no response regarding the approval or denial of the petition. I am writing to request an update as to the status of the case. Kindly call this office and ask for Laura Mannion or write. Thank you for your time and assistance.

Sincerely,

Laura Mannion

for Eduardo Masferrer

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

OMB # 1615-0012

**I-130, Petition for Alien Relative**

## Instructions

> Read the instructions carefully. If you do not follow the instructions, the U.S. Citizenship and Immigration Services (USCIS) may have to return your petition, which may delay final action. NOTE: USCIS is comprised of offices of the former Immigration and Naturalization Service.

### 1. Who May File?

A citizen or lawful permanent resident of the United States may file this form with the U.S. Citizenship and Immigration Services (USCIS) to establish a relationship to certain alien relatives who wish to immigrate to the United States.

You must file a separate form for each eligible relative.

### 2. For Whom May You File?

A. If you are a citizen, you may file this form for:

1) Your husband, wife or unmarried child under 21 years old;
2) Your parent if you are at least 21 years old;
3) Your unmarried son or daughter over 21 years old;
4) Your married son or daughter of any age;
5) Your brother or sister if you are at least 21 years old.

B. If you are a lawful permanent resident, you may file this form for:

1) Your husband or wife;
2) Your unmarried child under 21 years of age;
3) Your unmarried son or daughter over 21 years of age.

**NOTE:**

- If your relative qualifies under paragraph A(3), A(4) or A(5) above, separate petitions are not required for his or her husband or wife or unmarried children under 21 years of age.

- If your relative qualifies under paragraph B(2) or B(3) above, separate petitions are not required for his or her unmarried children under 21 years of age.

- The persons described above under this **NOTE** will be able to apply for an immigrant visa along with your relative.

### 3. For Whom May You Not File?

You may not file for a person in the following categories:

A. An adoptive parent or adopted child, if the adoption took place after the child's 16th birthday, or if the child has not been in the legal custody and living with the parent(s) for at least two years.

B. A natural parent, if the United States citizen son or daughter gained permanent residence through adoption.

C. A stepparent or stepchild, if the marriage that created the relationship took place after the child's 18th birthday.

D. A husband or wife, if you and your spouse were not both physically present at the marriage ceremony, and the marriage was not consummated.

E. A husband or wife, if you gained lawful permanent resident status by virtue of a prior marriage to a United States citizen or lawful permanent resident, unless:

1) A period of five years has elapsed since you became a lawful permanent resident; or

2) You can establish by clear and covincing evidence that the prior marriage through which you gained your immigrant status was not entered into for the purpose of evading any provision of the immigration laws; or

3) Your prior marriage through which you gained your immigrant status was terminated by the death of your former spouse.

F. A husband or wife, if he or she was in exclusion, deportation, removal, rescission or judicial proceedings regarding his or her right to remain in the United States when the marriage took place, unless such spouse has resided outside the United States for a two-year period after the date of the marriage.

G. A husband or wife, if it has been legally determined that such an alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws.

H. A grandparent, grandchild, nephew, niece, uncle, aunt, cousin or in-law.

### 4. What Are the General Filing Instructions?

A. Type or print legibly in black ink.

B. If extra space is needed to complete any item, attach a continuation sheet, indicate the item number, and date and sign each sheet.

C. Answer all questions fully and accurately. If any item does not apply, write "N/A."

D. **Translations**. Any foreign language document must be accompanied by a full English translation that the translator has certified as complete and correct, and by the translator's certification that he or she is competent to translate the foreign language into English.

E. **Copies.** If these instructions state that a copy of a document may be filed with this petition, submit a copy. If you choose to send the original, USCIS may keep that original for our records. If USCIS requires the original, it will be requested.

### 5. What Documents Do You Need to Show That You Are a United States Citizen?

A. If you were born in the United States, a copy of your birth certificate, issued by the civil registrar, vital statistics office, or other civil authority. If a birth certificate is not available, see **Section 9** on **Page 3** titled, **"What If a Document Is Not Avaliable?"**

**B.** A copy of your naturalization certificate or certificate of citizenship issued by USCIS or the former INS.

**C.** A copy of Form FS-240, Report of Birth Abroad of a Citizen of the United States, issued by an American embassy or consulate.

**D.** A copy of your unexpired U.S. passport; or

**E.** An original statement from a U.S. consular officer verifying that you are a U.S. citizen with a valid passport.

**F.** If you do not have any of the above documents and you were born in the United States, see instructions under **Section 9 on Page 3, "What If a Document Is Not Available?"**

## 6. What Documents Do You Need to Show That You Are a Permanent Resident?

If you are a permanent resident, you must file your petition with a copy of the front and back of your permanent resident card. If you have not yet received your card, submit copies of your passport biographic page and the page showing admission as a permanent resident, or other evidence of permanent resident status issued by USCIS or the former INS.

## 7. What Documents Do You Need to Prove a Family Relationship?

You have to prove that there is a family relationship between you and your relative. If you are filing for:

**A. A husband or wife,** submit the following documentation:

1) A copy of your marriage certificate.

2) If either you or your spouse were previously married, submit copies of documents showing that all prior marriages were legally terminated.

3) A passport-style color photo of yourself and a passport-style color photo of your husband or wife, taken within 30 days of the date of this petition. The photos must have a white background and be glossy, unretouched and not mounted. The dimensions of the full frontal facial image should be about 1 inch from the chin to top of the hair. Using pencil or felt pen, lightly print the name (and Alien Registration Number, if known) on the back of each photograph.

4) A completed and signed Form G-325A, Biographic Information, for you and a Form G-325A for your husband or wife. Except for your name and signature, you do not have to repeat on the Form G-325A the information given on your Form I-130 petition.

**B. A child and you are the mother:** Submit a copy of the child's birth certificate showing your name and the name of your child.

**C. A child and you are the father:** Submit a copy of the child's birth certificate showing both parents' names and your marriage certificate.

**D. A child born out of wedlock and you are the father:** If the child was not legitimated before reaching 18 years old, you must file your petition with copies of evidence that a bona fide parent-child relationship existed between the father and the child before the child reached 21 years. This may include evidence that the father lived with the child, supported him or her, or otherwise showed continuing parental interest in the child's welfare.

**E. A brother or sister:** Submit a copy of your birth certificate and a copy of your brother's or sister's birth certificate showing that you have at least one common parent. If you and your brother or sister have a common father but different mothers, submit copies of the marriage certificates of the father to each mother and copies of documents showing that any prior marriages of either your father or mothers were legally terminated. If you and your brother or sister are related through adoption or through a stepparent, or if you have a common father and either of you were not legitimated before your 18th birthday, see also **H** and **I** below.

**F. A mother:** Submit a copy of your birth certificate showing your name and your mother's name.

**G. A father:** Submit a copy of your birth certificate showing the names of both parents. Also give a copy of your parents' marriage certificate establishing that your father was married to your mother before you were born, and copies of documents showing that any prior marriages of either your father or mother were legally terminated. If you are filing for a stepparent or adoptive parent, or if you are filing for your father and were not legitimated before your 18th birthday, also see **D, H** and **I**.

**H. Stepparent/stepchild:** If your petition is based on a stepparent-stepchild relationship, you must file your petition with a copy of the marriage certificate of the stepparent to the child's natural parent showing that the marriage occurred before the child's 18th birthday, and copies of documents showing that any prior marriages were legally terminated.

**I. Adoptive parent or adopted child:** If you and the person you are filing for are related by adoption, you must submit a copy of the adoption decree(s) showing that the adoption took place before the child became 16 years old. If you adopted the sibling of a child you already adopted, you must submit a copy of the adoption decree(s) showing that the adoption of the sibling occured before that child's 18th birthday. In either case, you must also submit copies of evidence that each child was in the legal custody of and resided with the parent(s) who adopted him or her for at least two years before or after the adoption. Legal custody may only be granted by a court or recognized government entity and is usually

granted at the time the adoption is finalized. However, if legal custody is granted by a court or recognized government agency prior to the adoption, that time may count to fulfill the two-year legal custody requirement.

## 8. What If Your Name Has Changed?

If either you or the person you are filing for is using a name other than shown on the relevant documents, you must file your petition with copies of the legal documents that effected the change, such as a marriage certificate, adoption decree or court order.

## 9. What If a Document Is Not Available?

In such situation, submit a statement from the appropriate civil authority certifying that the document or documents are not available. You must also submit secondary evidence, including:

A. **Church record:** A copy of a document bearing the seal of the church, showing the baptism, dedication or comparable rite occurred within two months after birth, and showing the date and place of the child's birth, date of the religious ceremony and the names of the child's parents.

B. **School record:** A letter from the authority (preferably the first school attended) showing the date of admission to the school, the child's date of birth or age at that time, place of birth, and names of the parents.

C. **Census record:** State or Federal census record showing the names, place of birth, date of birth or the age of the person listed.

D. **Affidavits:** Written statements sworn to or affirmed by two persons who were living at the time and who have personal knowledge of the event you are trying to prove. For example, the date and place of birth, marriage or death. The person making the affidavit does not have to be a U.S. citizen. Each affidavit should contain the following information regarding the person making the affidavit: his or her full name, address, date and place of birth and his or her relationship to you, if any, full information concerning the event, and complete details explaining how the person acquired knowledge of the event.

## 10. Where Should You File This Form?

If you reside in the United States, file this form at the USCIS Service Center having jurisdiction over your place of residence.

If you live in Connecticut, Delaware, District of Columbia, Maine, Maryland, Massachusetts, New Hampshire, New Jersey, New York, Pennsylvania, Puerto Rico, Rhode Island, Vermont, U.S. Virgin Islands, Virginia or West Virginia, mail this petition to:

> **USCIS Vermont Service Center**
> **75 Lower Welden Street**
> **St. Albans, VT 05479-0001**

If you live in Alaska, Colorado, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Missouri, Montana, Nebraska, North Dakota, Ohio, Oregon, South Dakota, Utah, Washington, Wisconsin or Wyoming, mail this petition to:

> **USCIS Nebraska Service Center**
> **P.O. Box 87130,**
> **Lincoln, NE 68501-7130**

If you live in Alabama, Arkansas, Florida, Georgia, Kentucky, Louisiana, Mississippi, New Mexico, North Carolina, Oklahoma, South Carolina, Tennessee or Texas, mail this petition to:

> **USCIS Texas Service Center**
> **P.O. Box 850919**
> **Mesquite, TX 75185-0919**

If you live in Arizona, California, Guam, Hawaii or Nevada, mail this petition to:

> **USCIS California Service Center**
> **P.O. Box 10130,**
> **Laguna Niguel, CA 92607-0130**

**NOTE:** If the Form I-130 petition is being filed concurrently with Form I-485, Application to Register Permanent Residence or Adjust Status, submit both forms at the local USCIS office having jurisdiction over the place where the Form I-485 applicant resides.

Applicants who reside in the jurisdiction of the Baltimore, MD, USCIS District Office should submit the Form I-130 petition and the Form I-485 concurrently to:

> **USCIS Vermont Service Center**
> **75 Lower Welden Street**
> **St. Albans, VT 05479-0001**

**Petitioners residing abroad:** If you live in Canada, file your application at the Nebraska Service Center. If you reside elsewhere outside the United States, file your relative petition at the USCIS office overseas or the U.S. consulate or embassy having jurisdiction over the area where you live. For further information, contact the nearest American consulate or embassy.

## 11. What Is the Fee?

You must pay **$185.00** to file this form. **The fee will not be refunded, whether the petition is approved or not. Do not mail cash.** All checks or money orders, whether U.S. or foreign, must be payable in U.S. currency at a financial institution in the United States. When a check is drawn on the account of a person other than yourself, write your name on the face of the check. If the check is not honored, USCIS will charge you $30.00.

Pay by check or money order in the exact amount. Make the check or money order payable to the **Department of Homeland Security,** unless:

A. You live in Guam and are filing your petition there, make the check or money order payable to the "Treasurer, Guam" or

B. You live in the U.S. Virgin Islands and you are filing your petition there, make your check or money order payable to the "Commissioner of Finance of the Virgin Islands."

## 12. When Will a Visa Become Available?

When a petition is approved for the husband, wife, parent or unmarried minor child of a United States citizen, these persons are classified as immmediate relatives. They do not have to wait for a visa number because immediate relatives are not subject to the immigrant visa limit.

For alien relatives in preference categories, a limited number of immigrant visas are issued each year. The visas are processed in the order in which the petitions are properly filed and accepted by the USCIS. To be considered properly filed, a petition must be fully completed and signed, and the fee must be paid.

For a monthly report on the dates when immigrant visas are available, call the U.S. Department of State at (202) 647-0508.

## 13. Notice to Persons Filing for Spouses, If Married Less Than Two Years.

Pursuant to section 216 of the Immigration and Nationality Act, your alien spouse may be granted conditional permanent resident status in the United States as of the date he or she is admitted or adjusted to conditional status by a USCIS officer. Both you and your conditional resident spouse are required to file Form I-751, Joint Petition to Remove Conditional Basis of Alien's Permanent Resident Status, during the 90-day period immediately before the second anniversary of the date your alien spouse was granted conditional permanent resident status.

Otherwise, the rights, privileges, responsibilites and duties that apply to all other permanent residents apply equally to a conditional permanent resident. A conditional permanent resident is not limited to the right to apply for naturalization, file petitions on behalf of qualifying relatives or reside permanently in the United States as an immigrant in accordance with our nation's immigration laws.

NOTE: Failure to file the Form I-751 joint petition to remove the conditional basis of the alien spouse's permanent resident status will result in the termination of his or her permanent resident status and initiation of removal proceedings.

## 14. What Are the Penalties for Marriage Fraud or Submitting False Information?

Title 8, United States Code, Section 1325, states that any individual who knowingly enters into a marriage contract for the purpose of evading any provision of the immigration laws shall be imprisoned for not more than five years, or fined not more than $250,000, or both.

Title 18, United States Code, Section 1001, states that whoever willfully and knowingly falsifies a material fact, makes a false statement or makes use of a false document will be fined up to $10,000, imprisoned for up to five years, or both.

## 15. What Is Our Authority for Collecting This Information?

We request the information on this form to carry out the immigration laws contained in Title 8, United States Code, Section 1154(a). We need this information to determine whether a person is eligible for immigration benefits. The information you provide may also be disclosed to other Federal, state, local and foreign law enforcement and regulatory agencies during the course of the investigation required by the USCIS. You do not have to give this information. However, if you refuse to give some or all of it, your petition may be denied.

## 16. Paperwork Reduction Act Notice.

A person is not required to respond to a collection of information unless it displays a currently valid OMB control number. The public reporting burden for this collection of information is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to the: U.S. Citizenship and Immigration Services, Regulatory Management Division, 111 Massachutts, Avenue N.W., Washington, D.C. 20529; OMB No.1615-0012. Do not mail your completed petition to this address.

### Checklist.

- Did you answer each question on the Form I-130 petition?
- Did you sign and date the petition?
- Did you enclose the correct filing fee for each petition?
- Did you submit proof of your U.S. citizenship or lawful permanent residence?
- Did you submit other required supporting evidence?

If you are filing for your husband or wife, did you include:
- Your photograph?
- His or her photograph?
- Your completed Form G-325A?
- His or her Form G-325A?

Information and Forms: For information on immigration laws, regulations and procedures or to order USCIS forms, call our toll-free forms line at I-800-870-3676, our National Customer Service Center at 1-800-375-5283 or visit the USCIS website at www.uscis.gov.

Form I-130 Instructions (Rev. 06/05/02)Y (Fee Change 01/21/05) Page 4

# Certificate of Service

On June 30, 2005, I, Eduardo Masferrer, mailed a copy of this Motion for Stay of Removal and Memorandum in Support of Motion for Stay of Removal by regular mail to:

Alberto Gonzales
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20539-0001

Thomas W. Hussey, Director
Office of Immigration Litigation
U.S. Department of Justice/ Civil Division
1331 Pennsylvania Avenue, N.W.
Washington, DC 20004

Bruce Chadbourne
Field Office Director, Boston
Immigration and Customs Enforcement
John F. Kennedy, Federal Bldg.
Govt. Center, 17th Flr.
Room 1775
Boston, MA 02203

Dated: June 30, 2005                          Respectfully submitted,

                                              Eduardo Masferrer
                                              Masferrer & Hurowitz, PC
                                              6 Beacon Street, Suit 720
                                              Boston, Massachusetts 02108
                                              (617) 531-0135

                                              Attorney for Petitioner