UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAURICIO ANTIONIO ALVARENGA and GLADYS FUENTES, <br><br> Petitioners, <br><br> v. <br><br> EDUARDO AGUIRRE, JR., Director United States Citizenship and Immigration Service, and MICHAEL CHERTOFF, Secretary, Department of Homeland Security, <br><br> Respondents. | Civil Action No. 05-11390-JLT |

**MEMORANDUM IN RESPONSE TO THE PETITIONERS' REQUEST FOR A STAY**

### Introduction

Respondents submit this memorandum in opposition to the Petitioners' request for an order of this Court staying the removal of Petitioner. As described more fully below, Congress has stripped this Court of jurisdiction to stay the Petitioner's removal.

Petitioner's sole recourse for a stay of removal is to seek an order of the First

Circuit Court of Appeals in conjunction with his appeal of the BIA's decision upholding the order of removal.[1]

## Facts[2]

Mauricio Alvarenga ("Alvargenga"), a foreign national of unidentified origin, was convicted of assault and battery by means of a dangerous weapon in the West Roxbury District Court on March 14, 2004.  Complaint, p. 2.  The police report underlying the offense indicates that Alvarenga assaulted both co-plaintiff, Gloria Furntes ("Fuentes"), and their two year old child.  See Conviction and Police Report, attached hereto as Exhibit 2.[3]  Alvarenga was sentenced to eleven months imprisonment, six months to be served.  Id.  Alvarenga was subsequently detained by immigration officials and placed into removal proceedings.  Id.

Alvarenga had married, Fuentes, a United States citizen, in August of 2003.  Id.  On September 24, 2004, Alvarenga sought a continuance of his removal proceedings to seek

---

[1] Indeed, Petitioner has appealed his order of removal to the First Circuit and has requested a stay pending disposition of the appeal.  See First Circuit Docket # 05-1933, a copy of which is attached as Exhibit 1.

[2] For purposes of the motion, all factual allegations are taken as true.

[3] Undersigned counsel was faxed a copy of these materials on July 7, 2005, at 10:00 a.m. by the Clerk's Office of the West Roxbury District Court.  If their authenticity is disputed by Plaintiffs, the Respondents will supplement this filing as time allows.

approval of an I-130 petition[4] filed on his behalf by Fuentes.  Id., p. 2-3.  The Immigration Judge ("IJ") allowed a continuance until November 11, 2004.  Id., p. 3.  Fuentes filed the application on November 8, 2004.  Id., p. 3.  On November 11, 2004, the Petitioner requested a further continuance of his removal proceedings as the Respondents had not yet acted upon the I-130 Petition.  Id., p. 3.  The IJ denied a continuance, conducted a hearing, and found Alvarenga removable.  Id. p. 3.  See also, IJ Decision, attached as Exhibit 3.

Alvarenga appealed to the Board of Immigration Appeals ("BIA").  Id., p. 3.  On May 23, 2005, the BIA upheld the order of removal, finding, *inter alia*, that the IJ had not abused his discretion in denying the requested continuance.  Id., p. 3-4.  See also, BIA Decision, attached as Exhibit 4.

Alvarenga filed an appeal of the BIA's decision in the First Circuit Court of Appeals on June 21, 2005, and has sought a stay of removal pending disposition of that appeal.  See Exhibit 1.

Alvarenga filed the instant mandamus action, on or about June 30, 2005, and requested that this Court also enter a stay of his removal.

---

[4]  An I-130 is the means by which an individual married to a non-citizen may obtain an "immediate relative visa."  Such a visa is a prerequisite to seeking to adjust one's

## ARGUMENT

**1.      This Court Lacks Jurisdiction**

On May 11, 2005, the President signed into law the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 ("RIDA"), which, among other things, amends certain provisions of the Immigration and Nationality Act ("INA").  Significant for purposes of the instant request for a stay of removal, Congress specifically amended the judicial review provisions of the INA to provide that the sole jurisdiction to review the validity and execution of any and all removal orders lies in the United States Circuit Courts of Appeals.      Section 106(a)(1)(B) of the RIDA creates a new INA section 242(a)(5), 8 U.S.C. § 1252(a)(5):

> (5) EXCLUSIVE MEANS OF REVIEW- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section *shall be the sole and exclusive means for judicial review of an order of removal* entered or issued under any provision of this Act, except as provided in subsection (e).  For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms `judicial review' and `jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

Id. (emphasis added).

---

immigration status based upon marriage.  See 8 U.S.C. §1255.

Section 106(a) of the RIDA explicitly and unequivocally eliminates mandamus jurisdiction in the district courts to entertain any challenge to "any action taken" or "proceeding brought" to remove an alien. Specifically, Section 106(a)(2) of the RIDA, amends 8 U.S.C. §1252(9) to provide:

> CONSOLIDATION OF QUESTIONS FOR JUDICIAL REVIEW- Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

Id. Section 106(a)(3) of the RIDA further amends 8 U.S.C. § 1252(g) to provide:

> EXCLUSIVE JURISDICTION.--Except as provided in this section and *notwithstanding any other provision of law (statutory or nonstatutory) including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title,* no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

Id. (amendments italicized).

These amendments became effective on the date of enactment, May 11, 2005. See Section 106(b) of the RIDA. The instant action filed on or about June 30, 2005, is indisputably subject to its provisions.

5

The sum and substance of these amendments is to make explicit that no court other than the court of appeals has any subject matter jurisdiction respecting "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, *arising from any action taken or proceeding brought to remove an alien* from the United States," and respecting "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under th[e] [INA]." See INA sections 242(b)(9) and 242(g), codified at 8 U.S.C. §1252(b)(9) and (g), respectively, as amended by the RIDA.

The instant claim, seeking mandamus and an injunction prohibiting the execution of Alvarenga's order of removal, is clearly outside this Court's jurisdiction. Congress specifically and unequivocally eliminated mandamus jurisdiction in this Court to hear any claim "arising from any action taken . . . to remove an alien." See Section 106(a)(2) of the RIDA, amending 8 U.S.C. §1252(9). Even if this Court were to construe the instant claim as one that did not fall within that provision, Congress has also expressly legislated that this Court lacks jurisdiction to enjoin the execution of an order of removal. See Section 106(a)(3) of the RIDA, amending 8 U.S.C. § 1252(g).

As a consequence, the requested stay must be denied.[5]

---

[5] It is worthy of note that Alvarenga is not without a remedy, he can, and has, sought a stay of removal from the First Circuit Court of Appeals.

## **Conclusion**

As a consequence of the foregoing, the request for a stay must be denied for lack of subject matter jurisdiction.

          Respectfully submitted,
          MICHAEL J. SULLIVAN
          United States Attorney

          /s/ Mark J. Grady
          Mark J. Grady, Assistant U.S. Attorney
          United States Attorney's Office
          John Joseph Moakley Courthouse
          One Courthouse Way
          Boston, MA 02210
          (617) 748-3100

Docket Sheet for 05-1933                                                    Page 1 of 3



# General Docket
## US Court of Appeals for the First Circuit

```
Court of Appeals Docket #: 05-1933                        Filed: 6/21/05
Nsuit:   0 (Criminal or NOT SET)
Alvarenga, et al v. Gonzales
Appeal from: U.S. Immigration & Naturalization Serv.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Lower court information:

     District: 0090-1 : A78-634-062            lead: A78-634-062
     Date Filed: **/**/**
     Date order/judgment: 5/23/05
     Date NOA filed: **/**/**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Fee status: paid

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Prior cases:
   None
Current cases:
   None
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Panel Assignment:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -



Docket as of June 24, 2005 8:34 pm                        Page 1
```

---

```
05-1933   Alvarenga, et al v. Gonzales

MAURICIO ANTONIO ALVARENGA       Eduardo Antonio Masferrer
     Petitioner                  FTS 617-531-0136
                                 617-531-0135
                                 Suite 720
                                 [NTC ret]
                                 Masferrer & Hurowitz
                                 6 Beacon St.
                                 Boston, MA 02108


     v.

ALBERTO GONZALES, Attorney       Michael J. Sullivan
General                          617-748-3100
     Respondent                  [NTC gvt]
                                 U.S. Attorney's Office
```

```
                        John Joseph Moakley Courthouse
                        1 Courthouse Way
                        Boston, MA 02210

                        Neil Cashman
                        FTS 617-565-4921
                        617-565-3142
                        [NTC gvt]
                        Immigration and Naturalization
                        Service
                        JFK Federal Building
                        Government Center
                        Room 425
                        Boston, MA 02203

                        Nora Livers, Paralegal
                        FTS 202.307.0592
                        202.616.9125
                        [NTC gvt]
                        Office of Immigration
                        Litigation
                        PO Box 878
                        Ben Franklin Station
                        Room 7019N
                        Washington, DC 20044
```

Docket as of June 24, 2005 8:34 pm                    Page 2

---

05-1933   Alvarenga, et al v. Gonzales

MAURICIO ANTONIO ALVARENGA

          Petitioner

     v.

ALBERTO GONZALES, Attorney General

          Respondent

Docket as of June 24, 2005 8:34 pm                    Page 3

---

05-1933   Alvarenga, et al v. Gonzales

6/21/05         AGENCY CASE docketed. Opening forms sent. Petition for
                Review filed by Petitioner Mauricio Antonio Alvarenga.
                Certificate of service date 6/16/05. Appearance form due
                7/5/05. Certified List Due 8/1/05. [05-1933] (geor)

| | |
|---|---|
| 6/21/05 | MOTION For Stay of Removal Pending Resolution of Petition for Review filed by Petitioner Mauricio Antonio Alvarenga. Certificate of service dated 6/16/05. [05-1933] (geor) |
| 6/21/05 | MEMORANDUM In Support of Motion For Stay of Removal Pending Resolution of Petition for Review filed by Petitioner Mauricio Antonio Alvarenga. Certificate of service dated 6/16/05. [1006413-1] [05-1933] (geor) |
| 6/21/05 | FILING FEE PAID by Petitioner Mauricio Antonio Alvarenga. Receipt No. 013201. Amount: $250. [05-1933] (geor) |

Docket as of June 24, 2005 8:34 pm                    Page 4

| PACER Service Center ||
|---|---|
| Transaction Receipt ||
| 07/06/2005 16:12:09 ||
| PACER Login: | us8384 | Client Code: | |
| Description: | dkt report | Case Number: | 05-1933 |
| Billable Pages: | 4 | Cost: | 0.32 |

| CRIMINAL DOCKET - OFFENSES | DEFENDANT NAME<br>MAURICIO A FUENTES | DOCKET NUMBER<br>0306CR003888 |
|---|---|---|

| COUNT / OFFENSE | DISPOSITION DATE AND JUDGE |
|---|---|
| 1  A&B WITH DANGEROUS WEAPON c265 §15A(b) | 1-9-04 [judge] |

| FINE/ASSESSMENT | SURFINE | COSTS | OUI STATE FEE | OUI VICTIMS ASMT | HEAD INJURY FEE | RESTITUTION | V/W ASSESSMENT | OTHER |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | 50  ☐ WAIVED | |

**DISPOSITION METHOD**
☑ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ Dismissed upon:
  ☐ Request of Commonwealth  ☐ Request of Victim
  ☐ Request of Defendant  ☐ Failure to prosecute
  ☐ Other:
☐ Filed with Defendant's consent
☐ Nolle Prosequi
☐ Decriminalized (277 §70 C)

**SENTENCE OR OTHER DISPOSITION**
☑ Sufficient facts found but continued without a finding until: 7-8-05
☐ Defendant placed on probation until:
☐ Defendant placed on pretrial probation (276 §87) until:
☐ To be dismissed if court costs / restitution paid by:

Batterers Prog
Fatherhood Prog
Abide by RO

| FINDING | FINAL DISPOSITION | JUDGE | DATE |
|---|---|---|---|
| ☐ Guilty  ☐ Not Guilty<br>☐ Responsible  ☐ Not Responsible<br>☐ Probable Cause  ☐ No Probable Cause | ☐ Dismissed on recommendation of Probation Dept.<br>☐ Probation terminated; defendant discharged<br>☐ Sentence or disposition revoked (see cont'd page) | | |

| COUNT / OFFENSE | DISPOSITION DATE AND JUDGE |
|---|---|
| | |

| FINE/ASSESSMENT | SURFINE | COSTS | OUI STATE FEE | OUI VICTIMS ASMT | HEAD INJURY FEE | RESTITUTION | V/W ASSESSMENT | OTHER |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | ☐ WAIVED | |

**DISPOSITION METHOD**
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ Dismissed upon:
  ☐ Request of Commonwealth  ☐ Request of Victim
  ☐ Request of Defendant  ☐ Failure to prosecute
  ☐ Other:
☐ Filed with Defendant's consent
☐ Nolle Prosequi
☐ Decriminalized (277 §70 C)

**SENTENCE OR OTHER DISPOSITION**
☐ Sufficient facts found but continued without a finding until:
☐ Defendant placed on probation until:
☐ Defendant placed on pretrial probation (276 §87) until:
☐ To be dismissed if court costs / restitution paid by:

| FINDING | FINAL DISPOSITION | JUDGE | DATE |
|---|---|---|---|
| ☐ Guilty  ☐ Not Guilty<br>☐ Responsible  ☐ Not Responsible<br>☐ Probable Cause  ☐ No Probable Cause | ☐ Dismissed on recommendation of Probation Dept.<br>☐ Probation terminated; defendant discharged<br>☐ Sentence or disposition revoked (see cont'd page) | | |

| COUNT / OFFENSE | DISPOSITION DATE AND JUDGE |
|---|---|
| | |

| FINE/ASSESSMENT | SURFINE | COSTS | OUI STATE FEE | OUI VICTIMS ASMT | HEAD INJURY FEE | RESTITUTION | V/W ASSESSMENT | OTHER |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | ☐ WAIVED | |

**DISPOSITION METHOD**
☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
☐ Bench Trial
☐ Jury Trial
☐ Dismissed upon:
  ☐ Request of Commonwealth  ☐ Request of Victim
  ☐ Request of Defendant  ☐ Failure to prosecute
  ☐ Other:
☐ Filed with Defendant's consent
☐ Nolle Prosequi
☐ Decriminalized (277 §70 C)

**SENTENCE OR OTHER DISPOSITION**
☐ Sufficient facts found but continued without a finding until:
☐ Defendant placed on probation until:
☐ Defendant placed on pretrial probation (276 §87) until:
☐ To be dismissed if court costs / restitution paid by:

| FINDING | FINAL DISPOSITION | JUDGE | DATE |
|---|---|---|---|
| ☐ Guilty  ☐ Not Guilty<br>☐ Responsible  ☐ Not Responsible<br>☐ Probable Cause  ☐ No Probable Cause | ☐ Dismissed on recommendation of Probation Dept.<br>☐ Probation terminated; defendant discharged<br>☐ Sentence or disposition revoked (see cont'd page) | | |

| CRIMINAL DOCKET DOCKET ENTRIES | DEFENDANT NAME<br>MAURICIO A FUENTES | DOCKET NUMBER<br>0306CR003888 |
|---|---|---|

| DATE | DOCKET ENTRIES |
|---|---|
| 2/23/04 | Order of custody until 2-26-04.. Coffey |
| 2/23/04 | Mitt & NOC issued (J) |
| 2/26/04 | Atty McMillan appt |
| 2/26/04 | Mitt issued (TS) |
| 3·15·04 | Coffey, J After hearing + stip to some violation D found in VOP G, cntd to HOC for 11 mos, 6 mos to serve, bal susp to 9/15/05, Sup Prob, obey RO, complete batterers' Prog + Fatherhood Program, 40 DAYS JAIL credit |
| 3/15/04 | Mitt issued (TS) |
| 5/14/04 | Received by Fax Motion to Revise & Revoke filed by Atty Eduardo Masferrer. |
| 6/2/04 | Motion to Revise & Revoke - Denied J. Coffey Atty Masferrer notified by mail (TS) |
| 12-3-04 | Bail letter sent (J.H.) |
| | DATE 12-10-04<br>$500 BAIL RECEIVED FROM<br>WEST ROXBURY DISTRICT COURT<br>SIGN. Surety CK# 11585 |

APPROVED ABBREVIATIONS
AR = Arraignment   PT= Pretrial hearing   CE = Discovery compliance & jury selection   T = Bench trial   JT = Jury trial   PC = Probable cause hearing   M = Motion hearing   SR= Status review
SP = Status review of payments   FA = First appearance in jury session   S = Sentencing   CW = Continuance-without-finding scheduled to terminate   P = Probation scheduled to terminate
TA = Defendant failed to appear & was defaulted   WAR = Warrant Issued   WARD = Default warrant issued   WR = Warrant or default warrant recalled   PR = probation revocation hearing

| CRIMINAL DOCKET | DOCKET NUMBER 0306CR003888 | NO. OF COUNTS 1 | Trial Court of Massachusetts District Court Department |
|---|---|---|---|

| DEFENDANT NAME AND ADDRESS | DOB | GENDER | COURT NAME AND ADDRESS |
|---|---|---|---|
| MAURICIO A FUENTES<br>116 SPRING ST<br>W ROXBURY, MA 02132<br><br>0306R0801 | 08/26/1982 | MALE | WEST ROXBURY DISTRICT COURT<br>445 ARBORWAY<br>JAMAICA PLAIN, MA 02130-3688<br>(617)971-1200 |
| | DATE COMPLAINT ISSUED<br>12/22/2003 | | |
| | PRECOMPLAINT ARREST DATE<br>12/21/2003 | INTERPRETER REQUIRED | |

### FIRST FIVE OFFENSE COUNTS

| COUNT | CODE | OFFENSE DESCRIPTION | OFFENSE DATE |
|---|---|---|---|
| 1 | 265/15A/A | A&B WITH DANGEROUS WEAPON c265 §15A(b) | 12/21/2003 |

2/23/04 atty McLean  2/26/04 atty Mullen appt

| DEFENSE ATTORNEY | OFFENSE CITY/TOWN | POLICE DEPARTMENT |
|---|---|---|
| Perry | ROSLINDALE | BOSTON P.D. -AREA E- |

| DATE & JUDGE | DOCKET ENTRY | DATE & JUDGE | FEES IMPOSED | |
|---|---|---|---|---|
| Rufo 12-22-03 | ☑ Attorney appointed (SJC R. 3:10)<br>☐ Atty denied & Deft. Advised per 211 D §2A<br>☐ Waiver of Counsel found after colloquy | Rufo 12-22-03 | Legal Counsel Fee (211D § 2A¶2) $ 150/cws | ☐ WAIVED |
| | | | Legal Counsel Contribution (211D § 2) $ | ☐ WAIVED |
| Rufo 12-22-03 | Terms of release set: ☐ PR ☑ Bail $500cs $5000s<br>☐ See Docket for special conditions<br>☐ Held (276 §58A) abide by MHS RO | | Default Warrant Assessment Fee (276 § 30 ¶2) $ | ☐ WAIVED |
| | | | Default Warrant Removal Fee (276 § 30 ¶1) $ | ☐ WAIVED |
| Rufo 12-22-03 | Arraigned and advised: ☑ Potential of bail revocation (276 §58)<br>☑ Right to bail to review (276 §58)<br>☐ Right to drug exam (111E § 10) | 1/9/04 Rufo | Probation Supervision Fee (276 § 37A) $ 65/mo<br>Bail Order Forfeited | ☐ WAIVED |
| | Advised of right to jury trial ☐ Waiver of jury found after colloquy<br>☐ Does not waive | | | |
| | Advised of trial rights as pro se (Dist. Ct. Supp.R.4) | | | |
| | Advised of right of appeal to Appeals Ct. (M.R. Crim P.R. 28) | | | |

### SCHEDULING HISTORY

| NO. | SCHEDULED DATE | EVENT | RESULT | | JUDGE | TAPE START/STOP |
|---|---|---|---|---|---|---|
| 1 | 12/22/2003 | ARR | ☐ Held | ☐ Cont'd  Mitt & NAC issued  TS | | |
| 2 | 1-9-04 | PTH | ☐ Held | ☐ Cont'd | | |
| 3 | 7-8-05 | Prob | ☐ Held | ☐ Cont'd | | |
| 4 | 2-26-04 | PWN | ☐ Held | ☐ Cont'd | | |
| 5 | 3-15-04 | Jur. | ☐ Held | ☐ Cont'd | | |
| 6 | 9-15-05 | Prob | ☐ Held | ☐ Cont'd | | |
| 7 | | | ☐ Held | ☐ Cont'd | | |
| 8 | | | ☐ Held | ☐ Cont'd | | |
| 9 | | | ☐ Held | ☐ Cont'd | | |
| 10 | | | ☐ Held | ☐ Cont'd | | |

**APPROVED ABBERVIATIONS**
ARR = Arraignment  PT= Pretrial hearing  CE = Discovery compliance & jury selection  T = Bench trial  JT = Jury trial  PC = Probable cause hearing  M = Motion hearing  SR= Status review
SRP = Status review of payments  FA = First appearance in jury session  S = Sentencing  CW = Continuance-without-finding scheduled to terminate  P = Probation scheduled to terminate
DFTA = Defendant failed to appear & was defaulted  WAR = Warrant Issued  WARD = Default warrant issued  WR = Warrant or default warrant recalled  PV = probation violation hearing

| A TRUE COPY ATTEST: | CLERK-MAGISTRATE / ASST CLERK  X | TOTAL NO. OF PAGES | ON (DATE) |
|---|---|---|---|

# BOSTON POLICE
# INCIDENT REPORT

ORIGINAL ☒  SUPPLEMENTARY ☐

| KEY SITUATIONS | | COMPLAINT NO. | REPORT DIST. | CLEARANCE DIST |
|---|---|---|---|---|
| DOMESTIC VIOLENCE | | 030685506 | E5 | |
| TYPE OF INCIDENT | CRIME CODE | STATUS | DATE OF OCCUR. | B. 12/21/03 |
| 209A, ABDW | 0 | | A.12/21/03 | |
| LOCATION OF INCIDENT | | APT. | DISPATCH TIME | TIME OF OCCUR. | B.12:35 PM |
| 116 SPRING ST | | A9 | 12:31 PM | A.12:20 PM | |

| VICTIM-COMP. (LAST, FIRST, MI) | PHONE | SEX | RACE | MARITAL STATUS |
|---|---|---|---|---|
| FUENTES, ARMANIA | (617)-327-8850 | MALE | WHITE HISPANIC | UNMARRIED |
| ADDRESS | APT. | OCCUPATION | AGE | D.O.B. |
| 116 SPRING ST, W ROXBURY, MA, 02132-0000 | 9A | | 2 | 3/31/2001 |

| VICTIM-COMP. (LAST, FIRST, MI) | PHONE | SEX | RACE | MARITAL STATUS |
|---|---|---|---|---|
| FUENTES, GLADYS | (617)-327-8850 | FEMALE | WHITE HISPANIC | MARRIED |
| ADDRESS | APT. | OCCUPATION | AGE | D.O.B. |
| 116 SPRING ST, W ROXBURY, MA, 02132-0000 | 9A | | 20 | 8/4/1983 |

| PERSON REPORTING | ADDRESS | APT. | PHONE |
|---|---|---|---|
| FUENTES, GLADYS | 116 SPRING ST, W ROXBURY, MA, 02132-0000 | 9A | (617)-327-8850 |

WAS THERE A WITNESS TO THE CRIME

| PERSON INTERVIEWED | AGE | LOCATION OF INTERVIEW | APT. | HOME ADDRESS | APT. | TELEPHONE |
|---|---|---|---|---|---|---|

RES YES ☒ NO
BUS

NUMBER OF PERPETRATORS: 1 — CAN SUSPECT BE IDENTIFIED AT THIS TIME

**PERSONS**

| STATUS | NAME (LAST, FIRST, MI) | S.S. NO. | BOOKING NO. | PHOTO NO. | ALIAS |
|---|---|---|---|---|---|
| ARRESTED | FUENTES, MAURICIO ANTONIO | 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 | 20030026305 | | |
| WARRANT NO. | ADDRESS | SEX | RACE | AGE | HEIGHT | DOB |
| | 116 SPRING ST ST, WEST ROXBURY, MA, 02141-0000 | MALE | WHITE HISPANIC | 21 | 5-06 | 8/26/1982 |
| SPECIAL CHARACTERISTICS (INCLUDING CLOTHING) | | WEIGHT | BUILD | HAIR | EYES |
| | | 200 | STOCKY | BLACK | BROWN |

CAN SUSPECT VEHICLE BE DESCRIBED

**VEHICLES**

| STATUS | REG. STATE | REG. NO. | PLATE TYPE | YEAR(EXP) | MODEL |
|---|---|---|---|---|---|
| VEHICLE MAKE YEAR | VEHICLE NO. | | STYLE | | COLOR(TOP-BOTTOM) |
| OPERATOR'S NAME | | | LICENSE NO. | STATE | OPERATOR'S ADDRESS |
| OWNERS'S NAME | | | OWNERS'S ADDRESS | | |

YES ☐ NO ☒

CAN PROPERTY BE IDENTIFIED

**PROPERTY**

| STATUS | TYPE OF PROPERTY | SERIAL OR IDENT-GUARD NO. | BRAND NAME-DESCRIPTION | MODEL | VALUE | UCR |
|---|---|---|---|---|---|---|

YES ☐ NO ☒

IS THERE A SIGNIFICANT M.O.

**M.O.**

| TYPE OF WEAPON-TOOL | NEIGHBORHOOD | TYPE OF BUILDING | PLACE OF ENTRY |
|---|---|---|---|
| CELL PHONE | RESIDENCE/HOME | RESIDENTIAL APT | N/A |
| WEATHER | LIGHTING | TRANSPORTATION OF SUSPECT | VICTIM'S ACTIVITY |
| CLEAR | NATURAL | | AT HOME GETTING READY TO GO TO THE MALL |
| UNUSUAL ACTIONS AND STATEMENTS OF PERPETRATOR | | | RELATIONSHIP TO VICTIM |
| | | | FATHER OF CHILD |

YES ☒ NO ☐

IS THERE ANY PHYSICAL EVIDENCE (DESCRIPTION AND DISPOSITION IN NARRATIVE)

IS THERE ANY OTHER REASON FOR INVESTIGATION (REASON BELOW)

BLOCK NO. | NARRATIVE AND ADDITIONAL INFORMATION

ABOUT 12:31PM ON 12/21/2003, OFFICERS WOZNIAK AND WHITE IN THE E101D, RECEIVED A RADIO CALL FOR DOMESTIC VIOLENCE, LOCATED AT 116 SPRING ST. APT #9A, W ROXBURY. UPON ARRIVAL, OFFICERS SPOKE TO ONE OF THE VICTIMS, GLADYS FUENTES, WHO STATED TO OFFICERS THAT THE SUSPECT, HER HUSBAND, MAURICIO FUENTES, HIT THEIR 2 YEAR OLD CHILD, ARMANIA FUENTES, WITH AN OPEN HAND ON THE CHILD'S LEFT SIDE OF THE FACE WHILE THE CHILD WAS PLAYING. MRS. FUENTES ALSO STATED THAT THE SUSPECT BECAME UPSET WHEN SHE SAID SHE WANTED TO GO TO THE MALL, AT WHICH TIME THE SUSPECT THREW A CELL PHONE AT HER AND STRUCK THE CHILD IN THE FACE WHILE THE CHILD WAS ON HER LAP. OFFICERS NOTICED A SMALL SCRATCH AND SWELLING ON THE BRIDGE OF THE CHILD'S NOSE. MRS. FUENTES ALSO STATED THAT THE SUSPECT THEN THREW THE CELL PHONE A SECOND TIME, THIS TIME STRIKING MRS. FUENTES IN THE RIGHT LEG. EMTS WERE CALLED TO THE SCENE (AMB# A-5, TYNES/FLANAGAN) TO CHECK ON THE CHILD. THE CHILD REMAINED WITH HIS MOTHER AND FURTHER MEDICAL ATTENTION WAS NOT REQUIRED. THE SUSPECT WAS PLACED UNDER ARREST AND TRANSPORTED TO E-5 FOR BOOKING. THE VICTIM WAS MADE AWARE OF HER 209A RIGHTS AND ADVISED TO SEEK A RESTRAINING ORDER AT W. ROXBURY DISTRICT COURT IF SHE FEELS THE NEED. THE E411D (SULLIVAN), E412D

| (FLAHERTY) AND THE E414D (MCCARTHY) WERE ALSO ON SCENE FOR ASSISTENCE. | | | | | | |
|---|---|---|---|---|---|---|
| UNIT ASSIGNED E101D | TOUR OF DUTY 2 | REPORTING OFFICER'S NAME CRAIG A WOZNIAK | REPORTING OFFICER'S SIGNATURE | REPORTING OFFICER'S ID 86206 | PARTNER'S ID 7373 | FI NO |
| DATE OF REPORT 12/21/03 | SPECIAL UNITS NOTIFIED (REPORTING) | | | | | TELETYPE NO. |
| TIME COMPLETED 02:39 PM | PATROL SUPERVISOR NAME | PAT. SUP. ID | DUTY SUP. NAME PETER K. KING | DUTY SUP. SIGNATURE | | DUTY. SUP. ID 7344 |

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
Boston, Massachusetts


File A 78 634 062                                            November 10, 2004


In the Matter of

MAURICIO ANTONIO ALVARENGA,        )        IN REMOVAL PROCEEDINGS
                                   )
          Respondent               )


CHARGE:   Section 237(a)(2)(e)(i) of the Immigration Nationality
          Act, Domestic Violence Conviction

APPLICATION:   Adjustment of Status


ON BEHALF OF RESPONDENT:                ON BEHALF OF DHS:

Eduardo Massford, Esquire               William Richards, Esquire


ORAL DECISION OF THE IMMIGRATION JUDGE

Respondent is a native citizen of El Salvador. The respondent through counsel admitted allegations for in the Notice to Appear and denied the record of conviction and denied as well removability. The court upon a careful review of the respondents admissions as well as the police report evidence that group Exhibit 3 of the record of proceedings finds by clear and convincing evidence that the government has sustained the charges

SMR

of removeability and the Court finds by clear and convincing unequivocal evidence that the respondent is removable. The respondent wises to adjust his status, however, he has not received an approved visa of petition at this point so that really appears to be speculative at this point. The respondent does not appear to have any other forms of relief available to him except perhaps voluntary departure. The court notes that given the respondent's criminal record, the court would not be inclined to grant voluntary departure as a matter of discretion.

Accordingly, the court orders the respondents removal to the country of El Salvador.

### ORDERED

IT IS HEREBY ORDERED, that the respondent be removed to the country of El Salvador.

PAUL M. GAGNON
Immigration Judge

A 78 634 062                        2                        November 10, 2004

CERTIFICATE PAGE

I hereby certify that the attached proceeding before

PAUL M. GAGNON in the matter of:

MAURICIO ANTONIO ALVARENGA

A 78 634 062

Boston, Massachusetts

was held as herein appears, and that this is the original

transcript thereof for the file of the Executive Office for

Immigration Review.

_____
Sharon R. Ricks (Transcriber)

Deposition Services, Inc.
6245 Executive Boulevard
Rockville, Maryland  20852
(301) 881-3344

February 11, 2005

U.S. Department of Justice  
Executive Office for Immigration Review  

Decision    e Board of Immigration Appeals

Falls Church, Virginia 22041

---

File:   A78-634-062 - Boston                                     Date:   MAY 2 3 2005

In re: ALVARENGA MAURICIO ANTONIO a.k.a. Mauricio Fuentes

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Masferrer, Eduardo, Esquire


ORDER:

   PER CURIAM. The respondent has appealed from the Immigration Judge's decision dated November 10, 2004. We agree with the Immigration Judge's determination that the respondent is removable as charged (I.J. at 1-2; Exh. 1). Further, notwithstanding the respondent's argument on appeal (Respondent's Br. at 2-4), we find that the Immigration Judge correctly denied the respondent's request for a continuance (Tr. at 41-42). We have held that an Immigration Judge's refusal to continue a hearing until a visa number becomes available was proper because an Immigration Judge may neither terminate nor indefinitely adjourn the proceedings in order to delay an alien's deportation. See Matter of Quintero, 18 I&N Dec. 348, 350 (BIA 1982) (stating that an Immigration Judge's province does not include reviewing the district director's wisdom, but he or she must execute the duty of determining whether deportability is sustained by the evidence). An Immigration Judge also has a duty to determine deportability in an expeditious manner. See id.; see also 8 C.F.R. § 1239.2(f) (2004). In addition, although we have previously carved out an exception to the general rule that aliens in proceedings are not accorded continuances for the resolution of a visa petition, the Department of Homeland Security in this matter has expressed its opposition to a continuance (Tr. at 38). See Matter of Velarde-Pacheco, 23 I&N Dec. 253 (BIA 2002). Moreover, notwithstanding that Matter of Velarde-Pacheco, supra, was decided in the motion context, the respondent here has made no attempt to abide by the exception carved out therein. Based on the foregoing, we affirm the Immigration Judge's decision finding that the respondent failed to establish prima facie eligibility for the relief requested. Accordingly, the appeal is dismissed.

_____  
FOR THE BOARD