UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAURICIO ANTIONIO ALVARENGA and GLADYS FUENTES, <br><br> Petitioners, <br><br> v. <br><br> EDUARDO AGUIRRE, JR., Director United States Citizenship and Immigration Service, and MICHAEL CHERTOFF, Secretary, Department of Homeland Security, <br><br> Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. <br> 05-11390-JLT |

**MEMORANDUM IN SUPPORT OF THE MOTION TO VACATE THE DISMISSAL FOR LACK OF JURISDICTION**

The Respondents submit this memorandum in support of the Motion to Vacate the Dismissal for Lack of Subject Matter Jurisdiction.

The REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 ("RIDA"), *inter alia*, eliminated district court habeas and mandamus jurisdiction to entertain challenges to the *validity or execution* of removal orders. See Respondents' Opposition to the Petitioner's Request for Stay. Thus, Respondents opposed a *stay* on jurisdictional grounds. As RIDA does not eliminate subject matter jurisdiction over the Petitioners'

mandamus claim, Respondents respectfully request that the dismissal of this action be vacated.

As more fully explained herein, the instant action seeks an order compelling immigration officials to adjudicate a visa petition. Whether such a petition is granted or denied has no effect on the validity or execution of Petitioner's order of removal.[1] As a consequence, it remains within this Court's subject matter jurisdiction.

## FACTS

Mauricio Alvarenga ("Alvargenga"), a foreign national of unidentified origin, was convicted of assault and battery by means of a dangerous weapon in the West Roxbury District Court on March 14, 2004. The police report underlying the offense indicates that Alvarenga assaulted both co-plaintiff, Gloria Furntes ("Fuentes"), and their two year old child. Alvarenga was sentenced to eleven months imprisonment, six months to be served. Alvarenga was subsequently detained by immigration officials and placed into removal proceedings.

Alvarenga had married, Fuentes, a United States citizen, in August of 2003. On September 24, 2004, Alvarenga sought a continuance of his removal proceedings to seek

---

[1] Although it is clearly intended to serve as a basis for Petitioner to seek to reopen his removal proceedings.

approval of an I-130 petition[2] filed on his behalf by Fuentes. The Immigration Judge ("IJ") allowed a continuance until November 11, 2004. Fuentes filed the application on November 8, 2004. On November 11, 2004, the Petitioner requested a further continuance of his removal proceedings as the Respondents had not yet acted upon the I-130 Petition. The IJ denied a continuance, conducted a hearing, and found Alvarenga removable.

Alvarenga appealed to the Board of Immigration Appeals ("BIA"). On May 23, 2005, the BIA upheld the order of removal, finding, *inter alia*, that the IJ had not abused his discretion in denying the requested continuance.

Alvarenga filed an appeal of the BIA's decision in the First Circuit Court of Appeals on June 21, 2005, and has sought a stay of removal pending disposition of that appeal.

Alvarenga filed the instant mandamus action, on or about June 30, 2005, and requested that this Court also enter a stay of his removal.

## PROCEEDURAL HISTORY

On June 30, 2005, Alvarenga filed the instant mandamus action along with a motion for a stay of removal. Docket 05-11390-JLT, #1-3. On July 6, 2005, the United States was directed to answer the motion for a stay (and did respond to that motion) on July 7,

---

[2] An I-130 is the means by which an individual married to a non-citizen may obtain an "immediate relative visa." Such a visa is a prerequisite to seeking to adjust one's

2005. As noted in the Respondent's Opposition, this Court lacks subject matter jurisdiction to enter a stay of removal.

On July 7, 2005, this Court denied a stay of removal citing a lack of jurisdiction, and on July 22, 2005, dismissed the action in its entirety for lack of subject matter jurisdiction.

## ARGUMENT

As this Court is well aware, before May 11, 2005 - the effective date of RIDA - most aliens had two options for seeking judicial review of removal orders. Aliens other than those convicted of certain specified crimes, could filed file a petition for review in the court of appeals within 30 days of the BIA's decision. 8 U.S.C. §1252(a)(2)(C), (b) (2004). Additionally, criminal aliens and non-criminal aliens (who had exhausted the above noted review) could seek review in the district court by way of a writ of habeas corpus. The latter remedy was limited to pure questions of law. See INS v. St. Cyr, 533 U.S. 289 (2001).

In enacting RIDA, Congress was specifically addressing the "anomalies" created by the Supreme Court in INS v. St. Cyr. See H.R. Rep. 109-72, at 174 (2005). These modifications effectively limit all aliens to one bite of the apple with regard to challenging the validity of an order of removal, in an effort to streamline what the Congress saw as uncertain and piecemeal review of orders of removal, divided between the district courts

---

immigration status based upon marriage. See 8 U.S.C. §1255.

(habeas corpus) and the courts of appeals (petitions for review). See H.R. Conf. Rep. No. 109-72, at 173-75 (2005).

For purposes of this action, there are three relevant amendments. Section 106(a)(1)(B) of the REAL ID Act provides that exclusive jurisdiction to review the validity of orders of removal lies in the courts of appeal. See 8 U.S.C. § 1252(a)(5), as amended by RIDA § 106(a)(1)(B), Pub. L. No. 109-13, 119 Stat. at 310-11. Section 106(a)(2) of RIDA expressly eliminates all other bases of jurisdiction to challenge the validity of removal orders. See 8 U.S.C. § 1252(b)(9), as amended by RIDA § 106(a)(2), Pub. L. No. 109-13, 119 Stat. at 311. Finally, Section 106(a)(3) amends 8 U.S.C. § 1252(g) eliminates jurisdiction to interfere with the initiation, adjudication or execution of an order of removal. See 8 U.S.C. § 1252(g) as amended by RIDA § 106(a)(3).[3] Congress also provided that the portion of any habeas claim (pending May 11, 2005) challenging an order of removal be transferred to the appropriate court of appeals and addressed as a petition for direct review. [4]

---

[3] In conjunction, these provisions indisputably demonstrate Congress' intent that any stay of removal be sought in the appropriate court of appeals and bars district court jurisdiction to enter a stay of removal. As previously noted, Alvarenga has sought a stay in the First Circuit. See First Circuit Docket #05-1933.

[4] Congress further provided that the relevant changes enacted by RIDA § 106(a) "shall take effect upon the date of the enactment of this [Act] and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment of this division." RIDA § 106(b), Pub. L. No. 109-13, 119 Stat. at 311; see also, Kolster v. INS, 101 F.3d 785, 788 (1st Cir. 1996) (jurisdictional provisions are generally effective immediately and present no retroactivity problems).

Congress could, but did not, direct that all pending habeas claims be transferred. Congress intended that claims "independent" of challenges to the validity of removal orders remain within district court jurisdiction. See, H.R. CONF. REP. NO. 109-72, at 175 (2005) ("section 106 would not preclude habeas review over challenges to detention that are independent of challenges to removal orders. Instead, the bill would eliminate habeas review only over challenges to removal orders.").

> [T]he REAL ID Act does not create new jurisdictional rules for all classes habeas petitions. Rather, it affects only those petitions challenging orders of removal, deportation, and exclusion. No other conclusion is logical; Congress would not have provided for the apportioned transfer of cases unless it contemplated that the jurisdictional regime governing the remaining habeas matters would remain undisturbed.

Ahmad v. Chertoff, 2005 WL 1799752 (W.D.Wash. 2005).[5]

The instant action seeks an order compelling immigration officials to adjudicate a visa petition. Whether such a petition is granted or denied has no effect on the validity or execution of Petitioner's order of removal. It is a challenge "independent" of the order of removal and Congress clearly intended that such claims remain with the jurisdiction of the

---

[5] District courts clearly retain jurisdiction, for example, to entertain challenges to unlawful detention arising under Zadvydas v. Davis, 533 U.S. 678 (2001), as such challenges would not implicate the validity or execution of a removal order. See, e.g., Sissay v. Gonzales, 2005 WL 1541085 (E.D. Ca. 2005) ("Petitioner does not seek judicial review of the underlying removal order. Rather, he challenges the legality of his continued confinement pending removal under Zadvydas v. Davis. Nothing in the Real ID Act precludes a district court from deciding such a challenge.").

district courts.  See, H.R. CONF. REP. NO. 109-72, at 175.  As a consequence, it remains within this Court's subject matter jurisdiction.

## Conclusion

As a consequence of the foregoing, the Respondents respectfully request that the dismissal for lack of subject matter jurisdiction be vacated.

    Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney

/s/ Mark J. Grady
Mark J. Grady, Assistant U.S. Attorney
United States Attorney's Office
John Joseph Moakley Courthouse
One Courthouse Way
Boston, MA 02210
(617) 748-3100